## Case No. 17,971.

**WOODCOCK v. PARKER et al.**

[1 Gall. 438; 1 Robb, Pat. Cas. 37; Merw. Pat. Inv. 218.] [1]

Circuit Court, D. Massachusetts. May, 1813.

PRIORITY OF PATENT RIGHTS—ORIGINAL INVENTION.

1. The original inventor of a machine, who has reduced his invention to practice, is entitled to a priority of patent right, although subsequently the same machine may have been invented by another person.

    See Bedford v. Hunt, Case No. 1,217; Evans v. Eaton, 3 Wheat. (16 U. S.) 434; s. c., Case No. 4,559; Shaw v. Cooper, 7 Pet. (32 U. S.) 292; Dawson v. Follen, Case No. 3,670; Reutger v. Kanowes, Id. 11,710; Whitney v. Emmett, Id. 17,585.

    [Cited in Dietz v. Wade, Case No. 3,903; Treadwell v. Bladen, Id. 14,154; Reed v. Cutter, Id. 11,645; Brooks v. Bicknell, Id. 1,944; Hudson v. Bradley, Id. 6,833; Johnson v. Root, Id. 7,411; Judson v. Bradford, Id. 7,564. Distinguished in Hill v. Dunklee, Id. 6,489. Cited in Christie v. Seybold, 5 C. C. A. 40, 55 Fed. 76.]

    [Cited in Davis v. Bell, 8 N. H. 503.]

2. The inventor of an improvement cannot entitle himself to a patent more broad than his invention.

    See Lowell v. Lewis, Case No. 8,568; Moody v. Fiske, Id. 9,745; Wyeth v. Stone, Id. 18,-107. See, also, Brunton v. Hawkes, 4 Barn. & Ald. 541; Rex v. Else, Dav. Pat. Cas. 144; Phil. Pat. 223–231; Whitney v. Emmett, Case No. 17,585; Earle v. Sawyer, Id. 4,247.

    [Cited in Re Fultz, Case No. 5,156.]

This was an action on the case for a violation of a patent right of the plaintiff for splitting leather. The cause was tried at this term before Story, J., in the absence of the district judge. The plaintiff [John Woodcock], at the trial, produced his letters patent, dated 8th May, 1809, securing to him the

[1] [Reported by John Gallison. Esq. Merw. Pat. Inv. 218, contains only a partial report.]

patent right of a machine for splitting leather. The defendants [David Parker and another] admitted the use of a similar machine, but contended that the machine was the invention of one Samuel Parker, (under whom they claimed, who had obtained his original letters patent for the same invention, dated the 9th July, 1808, and letters patent for certain improvements therein, dated the 26th of April, 1809. The principal questions between the parties were: (1) Whether Woodcock or Parker was the first inventor of the machine in controversy, and entitled to the patent. (2) Whether, admitting the plaintiff to be the original inventor of the machine, in its present improved state, his patent was not too broad, and did not include machinery previously invented and applied to the same purpose by the said Parker.

George Blake and Mr. Dexter, for plaintiff. Prescott & Otis, for defendants.

STORY, Circuit Justice, in summing up the cause, directed the jury as follows: The first inventor is entitled to the benefit of his invention, if he reduce it to practice and obtain a patent therefor, and a subsequent inventor cannot, by obtaining a patent therefor, oust the first inventor of his right, or maintain an action against him for the use of his own invention. In the present case, as the defendants claim their right to use the machine in controversy by a good derivative title from Samuel Parker, if the jury are satisfied that said Parker was the first and original inventor of the machine, the plaintiff cannot, under all the circumstances, maintain his action; notwithstanding he may have been a subsequent inventor, without any knowledge of the prior existence of the machine, or communication with the first inventor. It is not necessary to consider, whether if the first inventor should wholly abandon his invention and never reduce it to practice, so as to produce useful effects, a second inventor might not be entitled to the benefit of the statute patent: because here there is not the slightest evidence of such abandonment. Parker is proved to have put his machine in operation; it produced useful effects, and he followed up his invention by obtaining a patent from the department of state.

As to the second question, if the machine, for which the plaintiff obtained a patent, substantially existed before, and the plaintiff made an improvement only therein, he is entitled to a patent for such improvement only, and not for the whole machine; and under such circumstances, as this present patent is admitted to comprehend the whole machine, it is too broad, and therefore void. It is not necessary, to defeat the plaintiff's patent, that a machine should have previously existed in every respect similar to his own; for a mere change of former proportions will not entitle a party to a patent. If he claim a patent for a whole machine, it must in substance be a new machine; that is, it must be a new mode, method, or application of mechanism, to produce some new effect, or to produce an old effect in a new way. In the present case, if all parts of the machine, except the spring plate, (which the plaintiff claims as emphatically his own invention,) existed before, and were applied to produce the same effects in the same manner; and the plaintiff has established the spring plate to be his exclusive invention, still his patent ought to have been confined to such improvement, and not to have comprehended the whole machine. Unless, therefore, the plaintiff establish his exclusive right to the whole machine, as now organized, as his own invention, he cannot be entitled to the verdict of the jury.

The jury found a verdict for the defendants; and a bill of exceptions was taken to the direction of the judge, but no writ of error has ever been sued to the supreme court.