## Case No. 9,745.

### MOODY v. FISKE et al.

[2 Mason, 112; [1] 1 Robb. Pat. Cas. 312.]

Circuit Court, D. Massachusetts. Oct. Term, 1820.

PATENTS—SEVERAL IMPROVEMENTS IN ONE PATENT—SUMMARY—INFRINGEMENT OF PART.

1. Where a patent is for several improvements in a machine, and each improvement is summed up in the patent as the invention of the patentee, he is bound by his summary, and if any one of the improvements is found not to be new, his patent is void.

[Cited in Whitney v. Emmett, Case No. 17,- 585; Wyeth v. Stone, Id. 18,107; Davoll v. Brown, Id. 3,662; Hovey v. Stevens, Id. 6,- 746; Hogg v. Emerson, 6 How. (47 U. S.) 483, 485; Re Boughton, Case No. 1,696; Re Halsey, Id. 5,963; Blake v. Stafford, Id. 1,504.]

[Cited in Davis v. Bell, 8 N. H. 503.]

2. Where several improvements in a machine are distinctly claimed in a patent, an action lies for the piracy of any of the improvements, although the defendants have not used the whole of the improvements.

[Cited in Wyeth v. Stone, Case No. 18,107; Blake v. Smith, Id. 1,502; Wilson v. Rousseau, Id. 17,832; Root v. Ball, Id. 12,035; Olcott v. Hawkins, Id. 10,480; Foss v. Herbert, Id. 4,957; Sessions v. Romadka, 21 Fed. 131.]

[Cited in Holliday v. Rheem, 18 Pa. St. 469. Cited in brief in Tillotson v. Ramsay, 51 Vt. 312.]

Case [against Jonathan Fiske and others] for an infringement of certain patent rights, granted to the plaintiff [Paul Moody]. There were two counts on two distinct patents in the declaration, but the first was the only one relied on at the trial, being on a patent for "an improvement on the double speeder for roping cotton," &c. The cause was tried on the general issue. The patent was dated the 3d of April, 1819, and the specification annexed to it, contained a very minute description of the double speeder as improved by the plaintiff, under distinct articles. In

---

[1] [Reported by William P. Mason, Esq.]

the first article the plaintiff states, "The first part of my invention is a new position of the rollers," which he then proceeds to describe. In the sixteenth article the plaintiff sums up his improvements in the following terms: "The above description exhibits all my improvements in the roping machine for roping cotton, whether called a double speeder or by any other name. The parts which I claim as new, and as my invention, are the following: 1st. The position of the rollers. 2d. The two upper cones with all the mechanism, and motions connected with or dependent on them. 3d. The method of moving the belt on the lower cones, and that of communicating motion from the lower driven cone to the spindles, and all the mechanism and method of communicating motion from the upper driven cone to the arbors or axes of the perpetual or endless screws and perpendicular racks, which raise and lower the spindle rail; but I do not claim the said racks and screws, as these as well as the common heart wheels have each before been, or may be used, for the same purpose, and either may be applied to my improvement. 5th. The method and machinery by which the said motion of the spindle rail is changed from an ascending to a descending movement, and the manner of connecting the same with the wagon carriage. 6th. The said wagon, wagon carriage, gallows frame, catch wheels, the cycloid or cycloidal cam, slides, lever, and pully shaft, which raise the belts on the upper cones, and all the similar parts which raise the belts on the lower cones (except the cycloid or cycloidal cam) with all the parts, movements and mechanism connected with the same. 7th. The flier tubes and methods of applying and using the same. 8th. The rotary motion of the cams, and the intermediate gear work and machinery which produces it." The seventeenth article then proceeds: "The machine referred to, and from which the description of my improved double speeder is made, as above set forth, has twenty spindles, and produces roping of a convenient size and twist, for being afterwards spun into a certain kind of thread or yarn, but I also contemplate the nature and principles of my said invention, as applicable to any machine for the like purpose, whether it has more or less spindles, or made to give a greater or less degree of twist. And I do not consider my said invention as confined to any particular form, position, kind of material, degree of velocity, shape, magnitude, or position of the several parts, but the same may be applied to any machine made of iron, brass, copper, or other suitable metal or material; and all the parts above described and set forth, may be extremely varied to obtain the object for which similar machines have been, are, or may be, used or employed. The position of the rollers, which I consider as an important improvement, may be applied to any machine for spinning as well as for roping,

and I have applied it to an improved spinning and filling frame, a description and drawing of which I have prepared for procuring a patent."

The defence at the trial turned mainly on two points: 1st. That the machines used by the defendants were not identical with those of the plaintiff. 2d. That part of the improvements claimed by the plaintiff were known before, and so the patent was broader than the invention, and void. The counsel for the defendants contended on these points, following the enumeration of the improvements in the 16th article of the patent: 1st. That the position of the rollers was not new. 2d. That the plaintiff had no right to the two upper cones, they not being his invention. And as to the machinery connected with them, it was not used by the defendants. 3d. That the method of moving the belt of the lower cones, and the mechanism connected with it, were not used by the defendants. 4th. That the method of communicating motion from the upper driven cone to the arbors or axes, of the perpetual or endless screws, and perpendicular racks, &c. were not used by the defendants. The same answer was given to the 5th, 6th, and 7th improvement, specified in the 16th article. 8th. That the rotary motion of the cones and the intermediate gear work and machinery, were not new. The proof in the cause being very strong, that the position of the rollers was not new, two questions arose: 1st. Whether the plaintiff was concluded by the summing up in his patent, from contending, that the position of the rollers was not a substantial part of his invention, or was not per se patentable. 2d. If not so precluded, and if the patent was not void, whether the defendants were not liable in this action, if they used any one of the plaintiff's improvements, although the proof should be satisfactory that they did not use all the improvements.

Gordon & Webster, for plaintiff.
G. Sullivan, for defendants.

STORY, Circuit Justice. Upon the last point there has hitherto been considerable difficulty in my mind. But after a good deal of reflection on it, I have come to the result, that where the plaintiff claims, as in this case, several distinct and independent improvements in the same machine, and procures a patent for them in the aggregate, he is entitled to recover against any person who shall use any one of the improvements so patented, notwithstanding there has been no violation of the other improvements. In such a case, the patent goes for the whole of the improvements, and if each be new, and be claimed distinctly in the patent, as such, there does not seem any good reason why the party who pirates any part of the invention, should not be liable in damages. Take the case of a copy right. It has never been supposed, that in order to maintain an action,

the whole book should be pirated. It has been adjudged sufficient, if a considerable part of the book be pirated, so that such part be that of which the plaintiff is truly and substantially the author. Cary v. Longman, 1 East, 358, and cases there cited. To be sure, a mere extract would not be piracy; but if the substance of the work be taken, or so large a portion of it as makes it a substitute for the original, and materially injures the literary property of the author, it has been thought to be actionable. Roworth v. Wilkes, 1 Camp. 94. There is no doubt, that by the law of England, a party who pirates any part of the invention of the patentee, is liable in damages, notwithstanding he has not violated the whole. I say pirates any part of the invention, for any person may lawfully use any machinery, combined with the patentee's invention, which he does not claim as new, or which, if so claimed, has been previously known and used. This is the doctrine in Bovill v. Moore, 2 Marsh. 211; Davies, Pat. Cas. 361, which was an action for the violation of a patent "for a machine for the manufactury of bobbin lace or twist net, similar to, and resembling the Buckinghamshire lace net, and French lace net, as made by the hand with bobbins on pillows." Lord Chief Justice Gibbs there said, "We must consider what the patent proposes to give to the patentee, and what privileges he would possess under the patent. Now the patentee is entitled to the sole use of this machine, and whoever imitates it, either in whole or in part, is subject to an action at the suit of the patentee." The defendants had used the invention in part, but obtained a verdict upon the ground that the plaintiff had not invented the whole machine, but had only made improvements in it, the combination having existed up to a certain point before, and therefore his patent was void as covering more than his invention. It may be, that the decisions have turned upon the peculiar language of the English patents, for in all the precedents which I have seen, the patent gives the exclusive right of the whole invention, and prohibits all other persons, "directly and indirectly, to make, use, or put in practice, the said invention, or any part of the same, &c. or in any wise to counterfeit, imitate, or resemble the same, or make or cause to be made, any addition thereto, or subtraction from the same." See forms in Coll. Pat. 54, 57; Davies, Pat. Cas. 27, 30. But as no such intimation is given in the reports, I incline to believe that the doctrine stands upon the general principles of law, that he who has the exclusive right to the whole of a thing, has the same right to all the parts which the general right legally includes, that is, (in cases like the present) to all the parts which he has invented.

The principal difficulty that arises, is in the application of the doctrine; and that may in most cases be removed, by considering the nature and extent of the patent, or rather of the thing invented and patented. Where the patent goes for the whole of a machine as a new invention, and the machine is in its structure substantially new, any person who pirates a part of the machine, substantially new in its structure, deprives the inventor so far of his exclusive right in his invention, and may in a great measure destroy the value of the patent. Where the patent is for several distinct improvements in an existing machine, or for an improved machine, incorporating several distinct improvements, which are clearly specified, then if a person pirates one of the improvements, he violates the exclusive right of the patentee, for the patent is as broad as the invention, and the invention covers all the improvements; and it is a wrong done to the patentee to deprive him of his exclusive right in any of his improvements. Where a patent is for a new combination of existing machinery, or machines, and does not specify or claim any improvements or invention, except the combination, unless that combination is substantially violated, the patentee is not entitled to any remedy, although parts of the machinery are used by another, because the patent, by its terms, stands upon the combination only. In such a case, proof that the machines, or any part of their structure existed before, forms no objection to the patent, unless the combination has existed before, for the reason, that the invention is limited to the combination. And yet if the combination itself be not wholly new, but up to a certain point has existed before, and the patentee claims the whole combination as new, instead of his own improvements only, as by taking out a patent for the whole machine, doubtless his patent is void, for it exceeds his invention. Bovill v. Moore, 2 Marsh. 211; Davies, Pat. Cas. 361, 398, 404, 411. But if there be different and distinct improvements constituting parts of the combination, which are specified as such in the patent and specification, and any one of them be pirated, the same rule seems to apply as in other cases where part of an invention is pirated, for the patent then shows that the invention is not limited to the mere combination, but includes the particular improvements specified. It is often a serious difficulty from the obscure language of the specification, to ascertain what is the nature and extent of the invention claimed by the patentee. Whether his patent be valid or not, must materially depend upon the accuracy and distinctness with which the invention is stated. But in all cases where the patentee claims any thing as his own invention, in his specification, courts of law cannot reject the claim; and if included in the patent, and found not to be new, the patent is void, however small or unimportant such asserted invention may be. This leads me to the first point made at the bar; as to which, it appears to me clear, both upon

principle and authority, that where a patentee in his specification states and sums up the particulars of his invention, and his patent covers them, he is confined to such summary; and he cannot afterwards be permitted to sustain his patent by showing that some part which he claims in his summing up as his invention, though not in fact his invention, is of slight value or importance in his patent. Rex v. Cutler, 1 Starkie, 354; Davies. Pat. Cas. 398, 404; Bovill v. Moore. 2 Marsh. 211. His patent covers it, and if it be not new, the patent must be void. Here the plaintiff claims a particular position of machinery as his invention, and it clearly appears in evidence that the position is not new. It has existed before, not in machines exactly like the present, but in machines applied to analogous purposes, viz. in machines for roping cotton; and applied for the same purpose as the plaintiff applies them. Without doubt he supposed that he was the first inventor, but that was his mistake, and will not help the case. The objection therefore is fatal.

I wish it to be understood in this opinion, that though several distinct improvements in one machine may be united in one patent, it does not follow that several improvements in two different machines, having distinct and independent operations, can be so included. Much less that the same patent may be for a combination of different machines, and for distinct improvements in each.

The plaintiff upon this intimation agreed to take a verdict against him, declaring his patent void, that he might obtain a new patent. Verdict for defendants.

[For another case involving this patent. see Boston Manuf'g Co. v. Fiske, Case No. 1,681.]