## N. T. DAVIS *vs.* J. BELL & a.

An inventor, in order to entitle himself to a patent, must give a true description of his invention, or improvement, in his specification ; and if his specification states as his invention more than is new, the patent is void.

THIS was an action of assumpsit upon the following contract.

"For value received, we promise N. T. Davis, to pay him one 'hundred and fifty dollars by Sept. 1, 1833, with interest after April, '1833, at our store in Haverhill, on condition that said Davis' 'conveyance to us of Shove & Hunt's patent right shall approve 'itself as good in all respects as said Davis' covenants, in his deed 'of conveyance of this date, have represented it.

  'December 27, 1832."                                          'J. & J. BELL."

The cause was tried at May term, 1837, upon the general issue, when it was admitted that the defendants made the contract, and that the consideration on which their promise was founded was a conveyance to them of the right of making, constructing, using, and vending, the improvement in the art of tanning and manufacturing leather, for which letters patent were granted to Shove & Hunt, bearing date the 13th May, 1828.

In the deed by which the right was conveyed by the plaintiff to the defendants, was a covenant that the improvement was an original invention of Shove & Hunt, for which they were entitled to letters patent.

It appeared that the specification of the improvement filed by Shove & Hunt in the patent office of the United States, was as follows :

"*Specification of the improvement in tanning and manufacturing* '*hides into leather, discovered by Ebenezer Shove and Thomas* '*Hunt.*

"This improvement consists in a process of working off the hair 'with greater facility and with more safety than in any other mode of 'sweating, and at the same time with less reduction and relaxation

' of the fibres of the hides. For this purpose, hang or suspend the ' hides singly by one edge in a tight place, vat, or pit, prepared for ' the purpose, occasionally changing them edge for edge, after a day ' or two. A small opening or vacancy should be left in each end of ' the place, vat, or pit, that the air may circulate to carry off the ' warm, rarified air. When there are indications of too much heat, ' care must be taken to drench the hides with cold water. The ' manner of hanging or suspending the hides, as above mentioned, ' prevents them from pressing upon each other, and thereby the ' sweating process is conveniently carried on more regularly and ' uniformly, and without the necessity of applying any heat, so that ' it may be denominated the cold sweating process.

' EBENEZER SHOVE.<br>' THOMAS HUNT.''

It further appeared, that a mode of taking the hair from hides by sweating, had been known in England long before the said discovery by Shove & Hunt, which English mode is described in Rees' Encyclopedia, as follows:

" When the horns, &c. have been removed, the raw hides are laid ' in a heap for two or three days, and are then suspended on poles in a ' close room, called a smoke house, which is heated somewhat above ' the common temperature by a smouldering fire. This occasions ' incipient putrefaction, which loosens the epidermis, and renders ' the hair and other extraneous matter easy of separation from the ' true skin. This is effected by extending the hide on a wooden ' horse, or beam, of a conical form, and scraping it with a large two ' handled knife, called a fleshing knife.''—*Rees' Cyclopedia ; article,* '' Tanning.''

On the part of the defendants it was insisted, that the improvement described in the specification was not a new invention, or at least it was not all new ; and that if any part of it was a new discovery it was not described in the specification in such clear and exact terms as to distinguish it from what was before known ; and as the specification seeks to cover more than is new and useful, the letters patent were void.

But a verdict was taken for the plaintiff, subject to the opinion of the court upon the foregoing case.

*Rogers*, for the plaintiff.

*Bell*, for the defendants.

RICHARDSON, C. J., delivered the opinion of the court.

The invention of the patentees in this case is stated in the specification to be an improvement in tanning and manufacturing hides into leather, which consists in a process of working off the hair with greater facility and with more safety than in any other mode of sweating.  This process is thus described in the specification :

" Hang or suspend the hides singly by one edge, in a ' tight place, vat, or pit, prepared for the purpose, occasion- ' ally changing them edge for edge, after a day or two.  A ' small opening, or vacancy, should be left in each end of ' the place, vat, or pit.  When there are indications of too ' much heat, care must be taken to drench the hides with ' cold water."

Now all this is stated in the specification to be the invention of the patentees.

But it is very certain that a process of taking hair from hides, by hanging them in a close room, was well known in England long before this patent was granted.  And a close room may very well be understood to be " a place," within the meaning of the specification in this case.  The only things that are new in the process of these patentees are the hanging of the hides by the edge, occasionally changing them edge for edge, the holes in the end of the place, for carrying off the warm air, and the drenching the hides with cold water.  For aught that appears, these may be new things in the process.  But the hanging of the hides in a tight place for the purpose of taking off the hair, is certainly not a new discovery.

This specification is then broader than the invention ; and the patent covers matter for which the patentees were not entitled to the protection of a patent.

The third section of the statute of the United States, passed on the 21st February, 1793, under which this patent was granted, provides that every inventor, before he can receive a patent, shall deliver a written description of his invention, and of the manner of using or process of compounding the same, in such full, clear, and exact terms, as to distinguish the same from all other things before known.

An inventor, in order to entitle himself to a patent, must give in his specification a true description of his invention, or improvement, and state clearly and accurately what he claims as his invention ; and if there be any ambiguity in any material part of the description, the patent is void. 6 *B. & C.* 169, *Bloxam* vs. *Elsce ;* 3 *C. & P.* 611, *Felton* vs. *Greaves ;* 1 *Ryan & Moody* 1, *Savory* vs. *Price ;* 2 *Barnewall & Adolphus* 370, *Hullet* vs. *Hague ;* 1 *D. & E.* 602, *Turner* vs. *Winter.*

And it is well settled, that the specification must state what is new and what is old, in such a manner that it may clearly appear what is claimed as a new discovery or invention ; and if it seeks to cover more than is new, the patent is void. 1 *Starkie's N. P. C.* 199, *MacFarlane* vs. *Price ;* 2 *H. Bl.* 488 ; 8 *D. & E.* 95, *Hornblower* vs. *Boulton ;* 1 *Mason* 182, *Lowell* vs. *Trevis ;* 1 *Gallison* 438, *Woodcock* vs. *Parker ;* 2 *Gallison* 51, *Odiorne* vs. *Winkley ;* 2 *Mason* 112, *Moody* vs. *Fisk ;* 3 *Merivale's R.* 622, *Hill* vs. *Thompson ;* 3 *B. & B.* 5, *Campion* vs. *Benyon.*

The patent in this case is, then, void ; and by the express terms of the contract on which this action is founded, the plaintiff is not entitled to the money he seeks to recover. We are, therefore, of opinion that the verdict be set aside, and

*A new trial granted.*