BLAKE (SAMSON v.). See Case No. 12,-284.

## Case No. 1,502.
### BLAKE et al. v. SMITH.
[4 Betts, C. C. MS. 14.]

Circuit Court, S. D. New York. 1845.

PATENTS FOR INVENTIONS—INFRINGEMENT OF PART OF PATENT—UTILITY—SPECIFICATION — TRIAL— INSTRUCTIONS—MISDIRECTION — SETTING ASIDE VERDICT—DEPOSITION — CERTIFICATE OF JUDGE.

[1. A deposition taken under Act Sept. 24, 1789, § 30 (1 Stat. 88), cannot be received in evidence unless the judge before whom it was taken certifies that it was reduced to writing by himself, or by the witness in his presence.]

[2. In an action for infringement of a patent for an improvement in the construction of a castor and bearings, an instruction by the trial judge, that the specification did not set forth or claim the bearings as a necessary part of the construction, was misleading, where the trial judge, in a previous portion of his charge, had adopted the conclusions of the judge in another circuit, in an action on the same patent, that the invention was useful, that the patent was valid on its face for an improvement in the construction of a castor and bearings, and that the specification was sufficiently full and explicit to satisfy the requirements of the patent law.]

[3. In such case the trial court erred in ruling that it would not be an infringement of the patent to make and vend the bearings unless they constituted a necessary part of the invention, since the trial court had admitted that the invention was useful, and the law does not require that each part shall be invariably useful, or that it shall always be used.]

[4. The bearings being a part of the invention embraced within the patent, it is an infringement of the patent to use the bearings separately, though the whole be not used.]

[5. A verdict will be set aside for misdirection by the judge, when the misdirection may have noticeably affected the verdict.]

[At law. Action by Philos Blake and others against Walter M. Smith for infringement of patent. Verdict for defendant. Plaintiffs move, on exceptions taken at trial, to set aside the verdict, and for a new trial. Granted.]

Seely & Baldwin, for plaintiffs.

J. C. Alberton and J. W. Edmonds, for defendant.

BETTS, District Judge. A bill of exceptions was taken in this cause, to the exclusion of testimony by the judge on the trial, and his charge to the jury. The evidence excluded was a deposition purporting to have been taken before Chief Justice Cranch at

---

Washington, under the 30th section of the act of congress of September 24, 1789 [1 Stat. 88], upon the ground that the certificate of the judge did not state that the deposition had been reduced to writing by the judge or by the witness in his presence. It is contended by the plaintiff, on a suggestion in the first edition of Judge Conkling's treatise (page 275), that the statute did not render it indispensable that the officer should certify to the manner of reducing the deposition to writing when the deposition is sent by him to the court, that a party may supply the omission by extraneous proof, and. that accordingly the judge erred on the trial in absolutely excluding the deposition.

The bill of exceptions does not state that any other evidence was offered of the due taking of the deposition than the certificate of the judge, and the question cannot, therefore, be raised now, whether other evidence would have been competent and ought to be admitted by the court. [Hinde v. Longworth] 11 Wheat. [24 U. S.] 199, 209. The very point as to the sufficiency of such a certificate has been discussed in the supreme court, and the court decided that the deposition could not be received for want of that part omitted in this. Bell v. Morrison, 1 Pet. [26 U. S.] 356. And the same point had been entertained years before by Judge Washington at the Pennsylvania circuit. Pettibone v. Derrringer [Case No. 11,043]. The intimation cited from Judge Conkling's treatise is omitted in his second edition. Conk. Pr. 255, 256. There is accordingly no foundation in law for this exception.

The other exception relates to the charge to the jury. The opinion had been expressed in this court in October, 1843, on a bill for an injunction, founded upon this patent, that upon the true construction of the patent the patentee's discovery and claim was the application or construction of the castor, as constructed by him, with furniture, and was not for any invention in the construction of the castor or its parts. On the trial of the case, evidence was offered by the plaintiffs to show that the late presiding judge of the court, on a trial at law at Hartford on the same patent, had instructed the jury that the patent was good on its face as a claim to the castor and bearings constructed according to the specification. The defendant also offered evidence as to the terms of those instructions, representing them to have been directly adverse to the validity of the patent. But, as the district judge associated on the trial certifies his understanding of the charge to be according to the construction of it by the plaintiffs, and as his opportunity from consultation and conference at the time with Judge Thompson would be far best for a correct understanding of the tenor of the charge, I adopted his view of it, and for the purpose of this trial defend the opinion before expressed, as such decision of Judge Thompson. This was not done because a nisi prius instruction to the jury by the presiding judge of this court in another circuit is to be regarded as authoritative law, but out of deference to the opinion of that learned judge, and for the purpose of securing, if possible, uniformity in the rulings of courts so nearly the same, and more especially in order that the questions of fact involved in the case, and to which much testimony had been adduced by both parties, might be passed upon by the jury under the decision of the main point of law most favorable to the plaintiffs. The charge therefore adopts the conclusion that the invention is useful, and that the patent, upon its face, is valid for the improvement in the construction of the castor and bearings, in adapting them for application to furniture, and that the specification is sufficiently full and explicit to satisfy the requirements of law.

Exception was taken to the charge at large by the plaintiffs. The particulars in the rulings and instruction of the judge as pointed out by the argument to support the exception resulted substantially in one point: That the judge erred in charging that the making and vending the bearings, though that part of the castor be by itself a new discovery, would be no infringement of the plaintiffs' patent. This paragraph is only the concluding part of the instruction given on that point. The whole sentence is: "That the metallic bearings, not being set forth in the specification as a necessary part of the construction, if according to the specification the article may be used with or without them, then although that part by itself be a new discovery, yet making or vending them would be no infringement of the plaintiffs' patent." This instruction embraces two propositions of law and one inquiry of fact. First, it asserts that in judgment of law the specification does not set forth or claim the bearings as a necessary part of the article invented and constructed; and refers the inquiry to the jury whether, conformably to the description of the specification, the article may be used without (as well as with) the bearings, and, if this is found so, then, though the bearings be a new invention. it could be no infringement of the patent to make or vend them. This instruction I consider erroneous, inasmuch as it departs from the position acceded to by the judge, that the patent was to be construed according to Judge Thompson's ruling, as valid on its face, and as embracing the claim to the construction of the castors, of which the bearings were an essential part, according to the specification. The judge had waived his own opinion for the purposes of the trial, and was seeking to have that of Judge Thompson, as certified by the district judge of Connecticut, govern the case on this trial. He had accordingly, in a part preceding the instruction under consideration, stated the main question on the construction of the patent to be whether the plaintiffs' invention was the mode of con-

structing the castor with or without bearings, or was a new combination of the article with furniture, and had adopted the first hypothesis as that which was to be the law of this particular case. To assert, then, that the specification does not set forth or claim the bearings as a necessary part of the construction, was receding from that position, and placing a conflicting interpretation of the patent before the jury, and was calculated to mislead them, and give a wrong direction to their inquiries.

I think, also, there is error in ruling that it would be no infringement of the patent to make or vend the bearings, unless they constituted a necessary part of the invention. This language was stronger than the authorities justify. It being admitted here that the plaintiffs' contrivance is useful, and that all the particulars of their discovery may be employed in producing the result aimed at, the law does not require that each part shall be invariably useful when employed, nor that it should be always used. Morgan v. Seaward, 1 Webster, Pat. Cas. 187. To the same effect are the American decisions. 1 Mason, 302 [Bedford v. Hunt, Case No. 1,217]; 4 Mason, 6 [Earle v. Sawyer, Case No. 4,247]; 1 Mason, 182 [Lowell v. Lewis, Case No. 8,568]; 1 Pet. C. C. 480 [Gray v. James, Case No. 5,719]; 2 Mason, 112 [Moody v. Fiske, Case No. 9,745]; 1 Paine, 203 [Langdon v. De Groot, Case No. 8,059]. Upon the doctrine that the bearings are claimed by the patent as a part of the invention, the patentee is not bound to show them to be a necessary part. It is enough if in any circumstances they may be used serviceably, and it will not vitiate his title to the invention, though he states his opinion to be that other methods pointed out by the specification may be more advantageous than to use the bearings. His judgment as to the degree of utility of one method over another, indicated by his specification, will not affect his right to all the plans or methods described therein, provided they be novel and any way useful. It was accordingly, under the construction of the patent adopted by the court, a misdirection to the jury, and was also presenting an immaterial issue, to submit to their inquiry whether the castors could be used without the bearings. If by that it was intended to have the jury pass upon the question of utility in the invention as one of fact, the instruction was not sufficiently explicit to draw their attention to that view of the case, for it would not follow, as a legal consequence, that the invention was useless, because the other parts might be used without adding this.

The concluding instruction, founded upon the hypothesis that the jury should find that upon the specifications it was indifferent whether the bearings are used or not, I conceive to be erroneous also, because, it being assumed that the bearings are a part of the invention embraced within the patent, and it is an infringement of the patent to use any separate part, though the whole be not used. 9 Car. & P. 334, 1 Webster, Pat. Cas. 271. Had the patent been construed to be only for a new combination of known parts, the rule would be the reverse. [Prouty v. Ruggles] 16 Pet. [41 U. S.] 336.

The argument also comments upon the misapprehension of the nature of the plaintiffs' invention, under which the judge was supposed to labor, in not regarding the plaintiffs' method of application of the castor as patentable, without their proving some new mechanical invention or contrivance in the construction of the article itself. But though the exception is taken to the entire charge, and would have afforded an opportunity to call for the judgment of the court on that particular, yet the specific points of objection are limited to the instructions given to the jury in relation to the bearings,—whether they formed a compound part of the castor, or whether, under the circumstances, using or vending them was an infringement of the plaintiffs' patent. On these two subjects I am satisfied, on a careful reconsideration of the charge, that it does not lay down to the jury the rule of law acknowledged on the trial by the judge, and acceded to as that adopted by Judge Thompson in the construction of the same patent. It is impossible, therefore, to say that the few facts referred to the jury, as to the novelty, utility, and originality of the discovery, were the sole matters considered by them in forming their verdict for the defendant, nor but that their verdict rested upon, or was particularly affected by, the question whether the castors, according to the specification, could be used without the bearings, and upon the right of the defendant to make or vend the bearings as no part of the patented invention. I may have no doubt in my own mind that the jury decided on the general question of the validity of the patent according to the plaintiffs' claim, independent of the particular instruction excepted to, but, adjudging now the point upon the case made, it is clear that they may have put their finding upon other ground, and that the misapplication of the rule of law may have had an important influence in shaping their verdict. It is believed the rule is of general, if not unusual, force, that, when the misdirection of the judge may noticeably affect the verdict, it will be set aside for that cause. 6 Com. Dig. 223; 10 Johns. 447; 5 Mass. 287; 5 Day, 279; [Greenleaf v. Birth] 9 Pet. [34 U. S.] 292; [Tracy v. Swartwout] 10 Pet. [35 U. S.] 80; [Livingston v. Maryland Ins. Co.] 7 Cranch [11 U. S.] 506. I shall accordingly order the verdict rendered in this cause to be set aside, and a new trial to be had, the costs to abide the event of the suit. The conflict of opinion between this court and the circuit court of Connecticut as to what construction the patent must receive being of that vital character that the rights of the

parties can never be definitely settled until the judgment of the court of last resort shall be had on this case, it is important that the decision of the judge at the circuit shall be so shaped as to enable one party or the other to present the contested questions upon the patent, for the final determination of the supreme court. It may not be inappropriate to add that I shall not hold myself concluded, by the provisional ruling on the last trial, from considering the questions of law as open for argument and decision, if the case comes again before me, in any form.

[NOTE. Patent No. 821 was granted to Philos Blake, June 30, 1838, and was also the subject of litigation in Blake v. Sperry, Case No. 1,503.]