## CROSS *vs.* HUNTLY.

A *patent*, for an *improvement* in a machine, must describe the machine in use of which it is an improvement, so that it may be known in what the improvement consists; and a defect in the patent in that respect may be taken advantage of to defeat a recovery on a note given for a right to vend such improvement, on the ground of want of consideration.

ERROR from the Oswego common pleas. Huntly sued Cross before a justice on a note for $15. Cross proved that the consideration of the note was the sale of a *patent right* to make, vend and use " Parker's improved washing machine," for the term of 14 years, within a certain town. The letters patent grant to Parker the exclusive right of making, constructing, using and vending "a new and useful improvement in the washing machine," which he alleged he had invented. The *specification* accompanying the letters patent particularly described the improvement, but did not specify what was *new* in the machine improved by the patentee, and what was *known* before his invention, but generally describ-

ed the machine, its component parts, and the manner of using it. Two witnesses testified that previous to the granting of the letters patent, they had seen washing machines in use, which, in material parts, corresponded with the machine in question and were worked upon the same principle, though the machine in question had machinery which they could not say had been before used. The defendant contended that Parker's machine was not a *new invention* or discovery, and that therefore the letters patent were void; and that they also were void in not specifying the particulars in which the alleged improvement was *new* and *different* from the machine of which it was professed to be an improvement, and he therefore insisted that the plaintiff was not entitled to recover on the note for the want of consideration. The justice gave judgment for the plaintiff, and the common pleas of Oswego affirmed the judgment. The defendant sued out a writ of error.

*J. J. Pettit,* for plaintiff in error.

*O. Robinson,* for defendant in error.

*By the Court,* NELSON, J. It is insisted by the defendant below that the patent is void on the grounds, 1. That the machine for the making and vending, of which the patent was granted, is not a new invention; and 2. If new *in part,* the patent is void, inasmuch as it is for the *whole machine,* and not for the improvement. If either of these positions were sustained by the proof, the defendant was entitled to judgment in the court below, as in such case a failure of the consideration of the note was shown. 7 *Wheaton,* 356. 3 *id.* 518. 4 *Com. Law R.* 357. 6 *id.* 509. 3 *id.* 27. 3 *Condensed S. C. R.* 361. From the evidence, there cannot be a doubt but that the patent in both respects is defective and void; it was conclusively shown that material parts of the machine had been in use previous to the patent, and that the machine was worked upon the same principle as machines before in operation. Secondly. The patent purports on its face to be granted for "a new and useful improvement in the washing machine,"

and the schedule annexed, containing a specification of the improvement, gives a description of the entire machine, without distinguishing one part more than another as belonging to the patentee as the inventor. His patent is for the entire machine, for the principal parts of which, and the mode of operation, he clearly is not entitled to the credit or profit arising from the discovery. It is said, in *Evans* v. *Eaton*, 7 *Wheaton*, 356, that a party cannot entitle himself to a patent for more than his own invention ; and if the patent be for the whole of the machine, he can maintain a title to it only by establishing that it is substantially new in its structure and mode of operation. *See* 1 *Peters*, 322. 3 *Wash. C. C. R.* 443. A patent for an improvement should describe the machine in use, that it may be known in what the improvement consists. 1 *Paine*, 441. In *Benton* v. *Hawks*, 6 *Com. Law R* 509, a patent for improvements in the construction of ships' anchors, windlasses and chain cables, was held void, because there was no novelty in the construction of the anchors. The patent being void, nothing passed to the plaintiff in error, and the note was given without consideration.

Judgment reversed.