HEAD and others *vs.* STEVENS & SIMONDS.

A specification of an improvement, attached to letters patent for using and vending machines as inventions or improvements, merely describing cer-tain parts of a machine without particularly showing in what the improve-ment consists, is defective, and renders the letters patent void pro tanto ; and being void in part, they are void in toto.
So a specification is void when it fails on matter extrinsic : as not being in fact a new invention or improvement.

THIS was an action of *assumpsit*, tried at the Oneida circuit in October, 1836, before the Hon. HIRAM DENIO then one of the circuit judges.

The suit was brought upon several promissory notes given by the defendants to the plaintiffs, the consideration of which it was admitted was the assignment of a patent right to make and use and vend to others to be used an improv-ed patent cider mill, invented by Constant H. Wicks, to whom letters patent for the same had been granted on 9th April, 1837; Wicks having assigned his right to the plain-tiffs, who transferred the same to the defendant Stevens. The specification attached to the letters patent, describes the mill as composed of a cylinder, set with brads or teeth

projecting about one fourth of an inch from its surface in diagonal rows, &c. It then states that the improvement claimed, " is upon the box which encloses the cylinder and the teeth or brads which are set in the cylinder," and subsequently describes the form and height of the teeth or brads, and the mode of their insertion into the cylinder. The defendant moved for a *nonsuit* on the ground, that the specification did not show any improvement in the teeth or brads, and that therefore the patent was void, and the notes without consideration. The judge ruled that the specification as to the improvement in the teeth or brads, was defective in not showing how they differed from the original machine; but inasmuch as there was a full description of an improvement made upon the box, and it did not appear that there was no improvement made in the brads, that the patent was valid for the improvement upon the box, and refused the motion for a nonsuit. The defendants then gave in evidence letters patent granted to one Joel Farnham, on the 8th June, 1825, to use and vend an improvement called the " Grater Cider Mill," the specification attached to which, describes as part of the machine points or spikes, but differing from the teeth or brads described in the specification attached to Wicks' letters patent : and thereupon insisted that inasmuch as the teeth or brads were not an invention of Wicks, and as there was not any improvement made in that respect which would entitle him to a patent, that the patent granted to him was too broad, and consequently void. The judge ruled that although no improvement had been made by Wicks in the teeth or brads of his machine, and the patent in that respect covered too much and was so far void ; yet it was good as to the improvement upon the box, which was a sufficient consideration for the notes and entitled the plaintiffs to recover. The jury under the direction of the judge found a verdict for the plaintiffs, which the defendants now move to set aside.

*M. T. Reynolds,* for the defendants.

*C. P. Kirkland,* for the plaintiff, insisted that the letters patent to Wicks were valid; he only claimed to have made

an improvement in the box which it was admitted was suffi-
ciently described, and therefore he was not bound to do
more than merely to give a description of the other parts of the
machine.

*By the Court*, Cowen, J. The specification of an im-
provement in the teeth or brads, without showing in what res-
pect particularly, but merely describing what the teeth or brads
were, is defective. That the patent and specification are,
therefore, void pro tanto was not denied at the trial ; nor is it
now, unless it can be made good by a reference to Farnham's.
Clearly that can not be done. The particular specification in
question, must be perfect of itself.

Then it is said the specification shall avail as far as it is
good, viz. for the improvement made upon the box ; and so
the judge held. Valeat quantum valere potest is much fa-
vored as a general rule, but these specifications form a well
settled exception, as may be seen by *Cross* v. *Huntly*, 13
Wendell, 385, 6, and the authorities cited at the last page
by Mr. Justice Nelson. It is enough to add that on looking into
them, it will be found that this exception has been made for
reasons entirely satisfactory. A specification void in part is
void in toto, like a sheriff's bond for ease and favor, or a deed
to defraud creditors. So the specification is void, not only
where the description is defective on its face, as for want of
precision, but where it fails on matter extrinsic, as the not being
in fact a new invention. *Moody* v. *Fiske*, 2 Mason, 112, 118,
and the cases there cited. *Cross* v. *Huntly*, before cited.
*Woodcock* v. *Parker*, 1 Gall. 438. It is doubtless the same,
where that claimed as an improvement is not so. The learned
judge erred in both of his decisions as to the validity of the
patent. It was void in toto and formed no consideration for
the notes.

New trial granted ; costs to abide the event.