## Geiger *against* Cook.

In an action of debt upon a sealed note it is competent for the defendant to prove that it was given for the balance due upon another note, for which he received no consideration.

Although an implement may have been long in use, yet an invention of a mode of making it in a different manner, which produces a new and useful result by a new combination of old materials, entitles the inventor to a patent for the new implement, and not alone for an improvement of an old one.

In an action upon a note given for a patent right, the plaintiff cannot recover, if it appear upon the trial that the invention for which the patent was granted was not new or useful, although both parties acted in good faith in giving and receiving the note.

ERROR to the Common Pleas of *York* county.

Christopher Geiger, for the use of Adam Free, against Stephen Cook.

This was an action upon a sealed note for $565. The defence was want of consideration. The defendant offered to prove that the note in question was given for a balance on a previous note; that the consideration of the original note was a sale of two patent rights to the defendant for supposed improvements, and that in fact the patents were founded upon no improvements, secured no rights, and were therefore of no value. The plaintiff objected to this evidence, on the ground that it was not admissible to go into proof of the want of consideration of the original note; but it was admitted, and the plaintiff excepted.

The evidence was given, by which it appeared that the defendant had purchased two patent rights from the plaintiff, one "for certain improvements in the forge-hammer arm," and the other "for a useful improvement in the refining of iron by means of a reverberatory furnace," and that the original note for the balance of which the one in suit was given was for the forge-hammer arm.

The defendant then offered in evidence the deed for the two patent rights mentioned. The plaintiff objected to the deed and assignment of the improved reverberatory furnace, on the ground that it had not been shown that it constituted the consideration of the note, nor any part thereof. Admitted, and exception by plaintiff.

The defendant then examined witnesses on the subject of the patent rights, who proved that they were not a new invention, and not useful.

The court, in answer to several points put by the plaintiff, thus instructed the jury:

[Geiger v. Cook.]

" To the supposed improvements, the defendant contends that Sharp had no exclusive right; consequently, that the plaintiff, his assignee, had none, and therefore, that he, the defendant, received no consideration for the note. He does not impute the slightest fraud or unfairness to the plaintiff, but rests his defence solely on the ground that an exclusive right to the improvements, the basis on which the parties treated, in good faith, did not exist.

" The assignment of Sharp to the plaintiff, with the assignments endorsed on them, from the plaintiff to the defendant, show the purchase of the supposed improvements by the defendant from the plaintiff. Was the note in controversy given in the place of another which was given on account of the purchase? That it was, the plaintiff does not pretend to deny, though he contends that the first note was given exclusively on account of the improvement for the forge-hammer arm, which, from the evidence, there is great reason to believe was the case; and should the jury so believe, they will, under the charge of the court, be relieved from all further investigation in regard to the reverberatory furnace, of which so much has been said and testified. Let us, then, see whether the defendant did, or did not, require any right or interest in the forge-hammer arm improvement by his purchase from the plaintiff. According to the testimony of a number of the witnesses on both sides, the forge-hammer arm is nothing new. They state that it was in extensive use long before the date of Sharp's patent; that it was of either wood or iron; that it was in form the same as Sharp's, except that it had no hollow or groove; that it was used precisely in the same manner; that it operated in the same way, and with the same effect. If the jury believe the witnesses on this point, Sharp's patent is of no validity. It is not good as a grant of the exclusive right to the entire arm, because Sharp was not the inventor of the entire arm; nor is it good as a grant of the exclusive right to an improvement in the arm, admitting Sharp's invention to be an improvement, because it does not set forth what part of the arm is his invention and what is not; while he expressly claims as his invention the whole arm, ' with its appendages and arrangements.' If, then, the jury are satisfied that the consideration of the note was the assignment of the plaintiff's right to the arm, or to an improvement in it, and according to the instructions of the court and the evidence in the cause, Sharp's patent is not valid, their verdict will be for the defendant. If the jury believe that the assignment of the right of the plaintiff to the reverberatory furnace, formed a part of the consideration of the note, they must determine from the evidence whether the furnace was first invented by Sharp; and if it was not, then the assignment passed nothing to the defendant, and he has a good defence, on that ground, so far as it constituted a part of the consideration of the note."

*Hambly*, for the plaintiff in error, contended that the defendant was concluded by giving the second note in consideration of the first. He cannot go back to inquire into the original consideration. It was not alleged that there was any fraud on the part of the plaintiff. If there was any defence, it should have been made to the first note; but if the party makes no defence there, and as in this case, obtains further indulgence for the payment of the money, it would be fraudulent afterwards to set up the defence to the new engagement. 2 *Rawle* 351; 1 *Whart.* 232; 3 *Johns.* 463. The defendant bought the title, whatever it was; and if there was fraud or mistake, it should have been averred, and not merely a want of consideration. 5 *Serg. & Rawle* 427.

Patent rights should be construed liberally; and, though the specifications may be imperfectly expressed, yet the court will seek for the meaning in order to support the right. 1 *Sumner* 48; 1 *Gall. C. C.* 438; 1 *Peters' C. C.* 434; *Paine's C. C.* 300. The patentee is entitled to so much of his improvement as is new. 4 *Wash. C. C.* 9, 14; *Peters' C. C.* 394; 2 *Brock.* 298. The court instructed the jury that the improvement was not properly described, and thereby took that fact from the decision of the jury, which was erroneous. 4 *Wash. C. C.* 542. If, as in this case, old materials are used to produce new results, the improvement is valuable. 1 *Wash. C. C.* 170; 2 *Marsh.* 211; 2 *Har. Dig.* 1577; 4 *Wash. C. C.* 215.

*R. Fisher, contra.* There was no evidence that time was given when the second note was made; and if there was, it would not enable the plaintiff to recover upon a note for which there was no valuable consideration. The second note was given under a mistake of the party's rights. 1 *Vez. Jun.* 124, 400. The sale was of a patent right, which is an implied warranty that it was what it was represented to be. 3 *Rawle* 23; 1 *Fon. Eq.* 381, note *k*; 5 *Serg. & Rawle* 439.

A patent can only be obtained for that which is new, of the applicant's own invention. Now it is made perfectly clear by the evidence, that the iron arm was in use long before the patent to the plaintiff: if he claimed for adding something new, or a new mode of operation, that should have been specified; but his patent is for the whole thing, and therefore void. 1 *Gall. C. C.* 478; 2 *Gall. C. C.* 51; 1 *Mason* 447; 2 *Mason* 111; *Paine's C. C.* 441; 3 *Wash. C. C.* 434, 452; 4 *Wash. C. C.* 72, 583.

The opinion of the Court was delivered by

SERGEANT, J.—The numerous errors that have been assigned, have in the argument been classed under three heads, and may be so considered. The plaintiff alleges that the consideration of the original note could not be inquired into, but the party was concluded by having given another note, and therefore the evi-

[Geiger v. Cook.]

dence offered ought to have been rejected. If, however, the consideration of the note for $565 now sued on, was nothing else than the former note of $800, and the former note was void for want of consideration, this was the only mode in which the defendant could show that the present note was without consideration. It is possible there might be circumstances under which the giving a new note would preclude the party; but these would properly come in in reply to the defendant's proof, and not as an objection to the evidence. We think there was no error in this. The court seems, in the breaking of the cause, to have been misled in admitting evidence in relation to the reverberatory furnace. The slight evidence which had been previously given, when critically examined, contains nothing to show that the patent for the reverberatory furnace constituted any part of the consideration of the $800 note. Wolf, the witness relied on, merely says, he wrote the assignments and saw a note drawn up at the time, but could not say whether it was for the right, or whether it was signed. The deeds were separate, and so were the considerations — that for the reverberatory furnace being $400, and that for the forge-hammer arm $800, the amount of the note in suit. It would rather seem that the note on which this suit was brought, was given for the forge-hammer arm patent alone. The evidence ought therefore to have been rejected.

5th, 6th, and 8th errors. These errors regard a material question in the cause. The claim of Sharp, from whom the plaintiff purchased, was " for the tappit-arm, as above described, with its appendages and arrangements." It seems to be admitted that the description contained in the specification is sufficiently precise and perspicuous; but the court below held that the patent was void, because the claim is to the entire arm, which Sharp was not the inventor of. The law on the subject of patents often goes upon nice grounds, and in many instances the nature of the subject compels this. Care, however, ought to be taken by a court not to involve patentees in too great difficulties in construing their claims, and to sustain them by a favourable construction, if they can. Though Sharp was not the inventor of the forge-hammer arm, but it had been long in use before, yet if his invention is of a mode of making that arm in a different manner from any ever before made, and it thereby produces a new and useful result by a new combination of old materials, then he could not well claim it in a better manner than as a new arm. When there is an addition to an old machine or part of an old machine, or a mere alteration of some of its subordinate parts, the claim may be for an improvement only; but where the whole mode of forming the thing, and its effect, are new, it may be claimed as new. Thus it appears here by the evidence, that previously there had been wooden arms barrelled with iron, and iron arms barrelled with wood; but these will not correspond with Sharp's specifica-

III. — x *

tion. It is composed of wood and iron, each forming a substantial part of the arm; neither being properly an addition to or covering of the other, but constituting one whole, of which these materials are the component parts; and forming an arm, according to the testimony of Worrall and Shay, more elastic, durable and secure than former ones. Whether this invention was new and useful, was a different question; but there was evidence to show it was an arm formed differently from others and producing a new result. If so, it seems difficult to say how he could describe the old arm and his invention as an improvement of it. It could not properly be called an iron arm, because the wood is a material portion of it; nor could it be called a wooden arm. It is an arm composed of both, forming together a new element of power; at least this is what he claims, and has given some evidence to support. It seems to fall within those cases in which it has been held that old materials which produce a new effect may be the subject of a patent, on account of the novelty in the combination. 4 *B. & Ald.* 541; 6 *Moore* 71; *Dav. Pat. Cases* 265; 2 *N. Hamp. R.* 61; 1 *Pet. U. S. Rep.* 322; 3 *Mer.* 629; 8 *Taunt.* 391. We are of opinion that these errors are supported.

As to the remaining point, the failure of consideration, that seems to go on the ground that it would be against equity to compel payment for a patent right when it turns out that no patent right existed. Chancery would relieve against such demand on the ground of material error or misconception going to the essence of the contract, although there was no fraud in the vendor. As, where one sells a messuage to another which was at the time swept away by a flood, or destroyed by an earthquake, without any knowledge of the fact by either party. There a Court of Equity would relieve the purchaser, upon the principle that both parties intended the purchase and sale of a subsisting thing, and implied its existence as the basis of their contract. *Hitchcock* v. *Geddings*, (4 *Price* 135, 141); 2 *Kent's Com.* 469; 1 *Story's Equity* 157. In this state the subject is fully discussed in the opinion of the court in *Bellas* v. *Hays*, (5 *Serg. & Rawle* 427), and the validity of such a defence established. See also 9 *Serg. & Rawle* 80; *Pow. on Cont.* 122: 3 *Watts* 32.

Judgment reversed, and *venire facias de novo* awarded.