By the Court. Pierrepont, J.
The party who seeks to recover upon a contract containing mutual and dependant covenants, must show that he has performed his part of the agreement.
This contract states, that the plaintiff “ agrees to improve machinery for manufacturing gas,-to obtain a patent therefor, and to assign one undivided half to the defendant.”
The plaintiff gave evidence tending to show, that he had procured a patent, and had assigned one-half of the same to the defendant, and that the defendant had paid him on account of this contract $500. The defendant’s counsel moved to dismiss the complaint upon various grounds; and among others, that the plaintiff had given no evidence tending to show that he had “ improved machinery for manufacturing gas,” as stipulated in the contract.
The referee held, that the obtaining of a patent was prima fade evidence of the utility of the invention. . The defendant then “ offered to prove, that the alleged improvement in said patent was *391 worthless, had never been reduced to practice, and had been known, and tried, and abandoned, as worthless, before the patent to the plaintiff was issued.”
This offer the referee rejected, unless the defendant should first prove the false representations, alleged in his answer; thus virtually ruling, not only that the patent was prima, facie evidence that the plaintiff’s invention was an improvement, but that it was conclusive, and of such a nature that no evidence could be given to rebut it, unless fraud was first shown.
We conceive the law to be quite otherwise. In the case of Cross v. Huntley, (13 Wend. 385,) the suit was upon a note given on the sale of a patent right, for an improved washing machine. The defence was, that the patent was of no validity, and, therefore, the note was without consideration. Witnesses were called to testify, that they had seen washing machines in use, prior to the granting of these letters patent, which, in material parts, corresponded with the machine in question. The defendant contended, that the machine was not a new invention. Mr. Justice Nelson held, that the patent issued was invalid, and that the note given was without consideration, and that the plaintiff could not recover.
So in the case of Head v. Stevens, (19 Wend. 411,) the suit was upon several promissory notes, the consideration of which was the assignment of a patent right. The defendant was allowed to show, what the defendant in this case, in order to defeat a recovery, proposed, but was not permitted, to show. There are other like decisions, made by the Courts of this State, by the Courts of other States, and by the Courts, of the United States. (Wright’s Ohio R. 306; 11 Ohio R, 411; 4 Washington C. C. R. 13.)
The evidence offered and excluded, if uncontradicted, would establish, that the plaintiff had not improved machinery for manufacturing gas, and that the patent, the undivided half of which he had assigned, was not a patent of improved machinery; and that, as a necessary consequence,- the plaintiff had not performed the covenant on his part—full performance of which was a condition, precedent, to his right to maintain this action.
The judgment should be reversed, and a new trial granted, with costs to abide the event.
Ordered accordingly.