MERS (CONOVER v.). See Cases Nos. 3,122 and 3,123.

---

## Case No. 9,488.

MERSEROLE et al. v. UNION PAPER COLLAR CO.

[3 Fish. Pat. Cas. 483; 6 Blatchf. 356.] [1]

Circuit Court, S. D. New York.   March 27, 1869.

COURTS — JURISDICTION — AVERMENT OF CITIZENSHIP—STATE COURTS — JURISDICTION OVER PATENTS—AUTHORITY TO ADJUDGE VOID —LICENSE —SUIT TO REPEAL.

1. It is not sufficient to aver that the complainants are citizens of the United States. It should appear, affirmatively, that they are not citizens of the same state with the defendants.
[Cited in Lewis v. Hitchcock, 10 Fed. 6.]

2. The only authority to adjudge letters patent void, conferred by any statute of the United States, is found in section 16 of the act of 1836 [5 Stat. 123], and section 10 of the act of 1839 [Id. 354], and extends no farther than to a case of two interfering patents, and to a case where the granting of a patent is refused by the commissioners of patents, or by one of the justices of the District of Columbia on appeal.

3. Whether the suit be one by a licensor, to enforce the covenants contained in a license granted under a patent, or be one by the licensee to destroy and annul the license and its covenants, it is equally impossible to find in the subject matter any basis for the jurisdiction of a circuit court of the United States.
[Cited in White v. Lee, 3 Fed. 224; Teas v. Albright, 13 Fed. 413; Albright v. Teas, 106 U. S. 620, 1 Sup. Ct. 556.]

4. If the license is void, because the patent is void, the fact that the plaintiff must show that the patent is void, in order to get rid of the license, does not make the case one arising under the patent act so as to give jurisdiction to a circuit court.

5. A state court has jurisdiction to decree a license to be void and inoperative for fraud, or any other adequate reason, and the fact that, in the investigation, the state court will be obliged to inquire whether there was anything new in the patents which could operate as a consideration for the license, can not deprive the state court of jurisdiction, or confer it upon a circuit court of the United States.
[Cited in brief in Havana Press Drill Co. v. Ashurst, 148 Ill. 121, 35 N. E. 873. Criticised in Continental Store Service Co. v. Clark, 100 N. Y. 368, 3 N. E. 335.]

6. A state court can not take cognizance of a suit brought for the infringement of a patent nor of a direct suit brought to decree a patent to be void, but when a patent comes in question collaterally. its validity must become a subject of inquiry in the state courts.

7. Every citizen has, abstractly, the same interest with every other citizen, that a void patent shall not be in existence. Yet such interest is not sufficient to warrant the maintenance of a suit to repeal a patent.

8. A suit to repeal a patent, except in the cases stated in section 16 of the act of 1836, and section 10 of the act of 1839, can not be brought either in a state court or a circuit court of the United States.

9. Section 16 of the act of 1836 and section 17 must be construed together, and the confiding of authority by section 16, to declare a patent void, in certain specified cases, must be regarded as intended not to confer such authority in any other cases.

[This was a bill in equity, to which a demurrer was interposed by the defendants. The plaintiffs [Cornelius M. Merserole and James L. Libby] were described, in the bill, as "citizens of the United States," but they were not averred to be citizens of any state of the United States. The defendants were described as "The Union Paper Collar Company, claiming to be a corporation created under the laws of the state of New York, and having its office and principal place of business in the Southern district of New York." The plaintiffs were manufacturers of paper collars. On the 9th of January, 1868, they became the assignees, by an assignment in writing, of a license in writing, granted by the defendants, on the 11th of May, 1866, to the Norwich Paper Collar Company, to make and sell collars, cuffs, and bosoms of paper, or of cloth and paper, according to any or all of nine several letters patent, granted by the United States, and set forth in the license, on the payment to the licensors of certain specified current tariffs. The assignment of the license to the plaintiffs was made with the consent of the defendants, and on the assumption, by the plaintiffs, of the covenants of the license as to the payment of tariffs, and otherwise. The bill averred, that the plaintiffs purchased the license on the strength of representations, previously made to them by the defendants, that the patents were valid, and that the plaintiffs, if they purchased the license, would be allowed to make and sell four millions of paper collars, without paying therefor. It also averred, that the patents were, all of them, invalid, for want of novelty; that the consideration for the purchase of the license by the plaintiffs was void; that the plaintiffs had paid

[1] [Reported by Samuel S. Fisher, Esq., and by Hon. Samuel Blatchford, District Judge, and here compiled and reprinted by permission. The syllabus and opinion are from 3 Fish. Pat. Cas. 483, and the statement is from 6 Blatchf. 356.]

some tariffs under the license; and that the defendants were now claiming tariffs, under the license, from the plaintiffs, on such four millions of collars. The prayer of the bill was, (1.) That, during the pendency of the suit, the defendants might be enjoined from commencing any suit at law upon the license, to recover from the plaintiffs the tariffs reserved therein upon the collars manufactured by the plaintiffs, and from alienating the license; (2.) That this court would decree all of the patents void for want of novelty, and that thereby the consideration for the license had entirely failed; (3.) That the defendants might be decreed to cancel the license, and the agreement made by the plaintiffs in the assignment of it to them, and to return the amount of tariffs paid by the plaintiffs. The demurrer was interposed on the ground that it did not appear, from the bill, that this court had jurisdiction of the subject-matter of the suit, or of the parties thereto, or to grant the relief therein prayed for.][2]

Clarence A. Seward, for plaintiffs.
George Gifford, for defendants.

BLATCHFORD, District Judge. In order to give this court jurisdiction of the suit on the ground of parties, it must be a suit between a citizen of the state of New York and a citizen of another state. Act Sept. 24, 1789, § 11 (1 Stat. 78). The necessary averments of citizenship to confer jurisdiction must appear on the face of the bill. This bill is defective in that respect. The plaintiffs are not averred to be citizens of any state, but only citizens of the United States. It should appear, affirmatively, that they are not citizens of the same state with the defendants.

The other ground of jurisdiction invoked is that of the subject-matter of the suit. In that respect, the bill is founded wholly on the alleged invalidity of the patents; for, if this court has not jurisdiction, growing out of the subject-matter, to decree the patents to be void, it has none to enjoin the defendants from suing on the license under the patents, or to decree that the consideration for the license has failed, or to decree the canceling of the license or the agreement, or to decree a return of paid tariffs.

The only authority conferred on this court, by any statute of the United States, to adjudge any letters patent to be void, is that given by section 16 of act of July 4, 1836 (5 Stat. 123), as extended by section 10 of the act of March 3, 1839 (5 Stat. 354). Such authority extends, by those provisions, no farther than to a case of two interfering patents, and to a case where the granting of a patent is refused by the commissioner of patents, or by the chief justice of the District of Columbia on appeal.

The jurisdiction of this court fails, therefore, in this case, as respects the subject-mat-

ter, so far as regards the conferring on it of any special authority to declare the patents in question void. It is urged, however, on the part of the plaintiffs, that section 17 of the act of July 4, 1836, confers upon this court jurisdiction to declare these patents void. That section provides that "all actions, suits, controversies, and cases arising under any law of the United States granting or confirming to inventors the exclusive right to their inventions or discoveries, shall be originally cognizable, as well in equity as at law by the circuit courts of the United States." It is claimed that this suit is one arising under the laws of the United States which grant to the patentees named in the patents in question the exclusive right to the inventions covered thereby.

So far as regards the right of the defendants to sue the plaintiffs upon the license, to recover from the plaintiffs the tariffs reserved therein, and the rights of the defendants to alienate their interest under the license, and their right to hold in force, as against the plaintiffs, the license and the agreement made by the plaintiffs in the assignment of the license to them, and the right of the defendants to retain the amount of tariffs paid by the plaintiffs, it needs no argument to show that those rights arise, all of them, out of and under the license and the agreement and the transactions thereunder, and not in any proper or legal sense, out of or under the patents or the law under which they were granted; and that this suit, so far as it seeks to impair or destroy those rights, has the same origin and basis. It is well settled that such a subject-matter does not confer on this court jurisdiction of a suit. Wilson v. Sandford, 10 How. [51 U. S.] 99; Goodyear v. Union India Rubber Co. [Case No. 5,586]. Whether the suit be one by a licensor to enforce the covenants contained in a license granted under a patent, as in the cases just cited, or be like the present suit, one by the licensee to destroy and annul the license and its covenants, it is equally impossible to find in the subject-matter any basis for the jurisdiction of this court. So far as the suit is based on any alleged false representations made by the defendants, it arises out of a fraud committed by the defendants, and not under any act of congress.

If the license and the agreement of the plaintiffs are void because the patents are void, the fact that the plaintiffs must show that the patents are void, in order to get rid of the license and the agreement, does not make the case one arising under the patent act, so as to give to this court jurisdiction of it. A state court has jurisdiction to decree the license and agreement to be void and inoperative for fraud, or any other adequate reason, and the fact that, in the investigation, the state court will be obliged to inquire whether there was anything new in the patents which could operate as a consideration for the license and agreement, can not de-

[2] [From 6 Blatchf. 356.]

prive the state court of jurisdiction, or confer it on this court. It is true that a state court can not take cognizance of a suit brought for the infringement of a patent; nor of a direct suit, brought to decree a patent to be void. But, as is well said by Chief Justice Williams, in Rich v. Atwater, 16 Conn. 409, 414: "That the validity of patent rights is a subject peculiarly within the jurisdiction of the courts of the United States is true. But it is equally true, that when they come in question collaterally, their validity must become a subject of inquiry in the state courts. Thus, in a suit upon a note if it is claimed that the note was given for a patent right, and the patent is invalid, and so there was no consideration for the note, the state courts constantly exercise jurisdiction." In Rich v. Atwater, the plaintiff owned a patent for a machine which the defendant was infringing. The defendant, by a covenant, agreed not to use the infringing machine any longer, but nevertheless, went on using it, and the plaintiff brought a suit founded on the agreement for an account and an injunction. The defendant offered to prove that the patent was invalid for want of novelty. The plaintiff objected to the evidence, and took the point before the full court, which held that the evidence was admissible. In Cross v. Huntley, 13 Wend. 385, the suit was brought on a note given on the sale of a patent for a machine. In defense, it was proved that the machine was not new, and that the specification of the patent was so defective as to avoid the patent. Mr. Justice Nelson, in delivering the opinion of the court, says: "It is insisted by the defendant below that the patent is void on the grounds: (1) That the machine, for the making and vending of which the patent was granted, is not a new invention; and (2) if new in parts, the patent is void, inasmuch as it is for the whole machine, and not for the improvement. If either of these positions were sustained by the proof, the defendant was entitled to judgment in the court below, as in such case a failure of the consideration of the note was shown. From the evidence, there can not be a doubt but that the patent, in both respects, is defective and void. * * * The patent being void, nothing passed to the plaintiff in error, and the note was given without consideration." The case of Head v. Stevens, 19 Wend. 411, was one of the same character. It can make no difference whether the payee of the note or the licensor in the license brings the suit to enforce the note or the license, or whether the suit is brought by the maker of the note, or the licensee in the license, to cancel the instrument. The state court has jurisdiction in either case, to inquire collaterally into the validity of the patent.

It is true, that a state court can not entertain jurisdiction of a direct suit to repeal a patent. Every citizen has, abstractly, the same interest with every other citizen, that a void patent shall not be in existence. Yet,

such interest is not sufficient to warrant the maintenance of a suit to repeal a patent. Such a suit can not be brought in a state court. If not embraced within section 16 of the act of 1836, and section 10 of the act of 1839, it is not within the jurisdiction of this court; for it can not be contended that every citizen has a right to bring a suit in the circuit court of the district where the proper defendant may be found, to repeal a patent, for the reason that such suit is a suit arising under a law of the United States. If such right existed under section 17 of the act of 1836, the provisions of section 16 would be useless. The two sections must be construed together, and the confiding of authority, by section 16 to declare a patent void, in certain specified cases, must be regarded as intended not to confer such authority in any other cases. The bill must be dismissed with costs.