WILLIAM E. MARSTON, Appellant, *v.* GEORGE W. SWETT et al., Respondents.

In an action upon a contract required by the statute of frauds to be in writing it is not necessary to allege in the complaint that it is in writing. For the purposes of the complaint this will be presumed, and unless the contract is denied in the answer or alleged to be void because not in writing, the statute furnishes no defence.

A judgment record in a former action between the parties, although not pleaded in bar, is competent to prove a material fact at issue.

Plaintiff and defendants being the joint owners of certain letters patent, which they believed to be valid, entered into an agreement that defendants should have the exclusive right to manufacture the patented article, they paying to plaintiff a specified sum as royalty on each article manufactured. In an action to recover the royalty, · *held*, that the invalidity of the patent was not a defence for the time the defendants enjoyed the use of the patent unmolested under the license.

*It seems*, that, had there been no patent, and defendants had agreed to pay the sum stipulated in consideration that plaintiff, during a given period, would not engage in the manufacture, there would have been a sufficient consideration to uphold the agreement.

*Marston* v. *Swett* (4 Hun, 153) reversed.

*Saxton* v. *Dodge* (57 Barb., 84) and the authorities holding that the invalidity of a patent is a valid defence to an action to recover the purchase-price thereof, distinguished.

As to whether, when a void patent has been sold in good faith and the purchaser has enjoyed the monopoly unmolested during the whole time, and without liability to account to any one claiming a superior right, he could defend an action for the purchase-price, *quære.*

(Argued April 19, 1876; decided May 23, 1876.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 4 Hun, 153.)

The complaint in this action alleged, in substance, that prior to October 1, 1869, plaintiff and defendants were joint owners of a patented invention known as "Hawk's Auxiliary Air Chamber for stoves, heaters and furnaces," and on that day it was agreed between them that in consideration that plaintiff would not license others to use said invention but give defendants the exclusive right, they would manufacture stoves with the invention attached and pay plaintiff fifty cents for each stove, heater or furnace so manufactured and sold by them, and plaintiff claimed to recover the license fees due up to January, 1872.

Defendants' answer set up substantially the same agreement, with the exception that it was alleged that the agreement to pay was upon the express condition that plaintiff should execute and deliver to the defendants "an instrument in writing wherein such exclusive right to such invention

should be given and granted to these defendants," and it was averred that plaintiff had refused and neglected to comply with this condition. The answer further alleged that the patent was illegal and void, and therefore there was no consideration for the agreement. It also set up a counter-claim for goods sold, etc., to the amount of $1,208.49.

Before the introduction of evidence upon the trial defendants' counsel moved to dismiss the complaint upon the grounds that the contract alleged in the complaint was without consideration, and that the contract was void within the statute of frauds, as it was not to be performed within a year, and as it was not alleged in complaint to be in writing, which motion was denied, and defendants' counsel excepted.

Upon the trial defendants offered in evidence a decree in an action brought by defendants against plaintiff and others in the United States Circuit Court for the northern district of New York, declaring the said letters patent were "void, invalid and of no effect." This was objected to, on the ground that said judgment was not set up in the answer. The objection was overruled, and plaintiff's counsel excepted.

The court refused permission to the plaintiff to go to the jury upon the facts, and directed a verdict in favor of defendants for the amount of the counter-claim, to which plaintiff's counsel duly excepted. A verdict was rendered accordingly.

*James Lansing* for the appellant. It was not necessary that the complaint should allege affirmatively that the contract was in writing. (*Livingston* v. *Smith*, 14 How., 492.) The agreement having been admitted by a failure to deny, no evidence to prove its existence was necessary. (*West* v. *Am. Ex. Bk.*, 44 Barb., 178.) The invalidity of a patent is no defence to an action like the present. (*Taylor* v. *Hare*, 1 N. R., 260; *Lawes* v. *Purser*, 88 E. C. L., 930; *Hall* v. *Conder*, 89 id., 20, 39, 40; *Smith* v. *Neal*, id., 67; *Norton* v. *Brooks*, 7 H. & N., 499; *Baird* v. *Neilson*, 8 Ct. & F., 726; *Crosby* v. *Dixon*, 10 H. of L. Cas., 293; *Kintrea* v. *Preston*, 1 H. & N., 357; *Thomas* v. *Barlow*, 48 N. Y., 193; *Otis* v. *Cullum*, 2 N. Y. W. Dig., 58; *Longridge* v. *Dorville*, 7

E. C. L., 74; *Haight* v. *Brooks*, 37 id., 180; *Kinman* v. *Packhurst*, 18 How. [U. S.], 289; *Bartlett* v. *Holbrook*, 1 Gray, 414; *McMahon* v. *Tyng*, 14 Al., 167; *Marsh* v. *Dodge*, 4 Hun, 278.)

*Esek Cowen* for the respondents. The answer substantially denied that the contract set forth in the complaint was in writing. (*Champlain* v. *Parish*, 11 Paige, 408; *Harris* v. *Kinckerbacker*, 6 Wend., 638.) The contract not being in writing was void, within the statute of frauds. (*Doyle* v. *Dixon*, 97 Mass., 208; *Lockwood* v. *Barnes*, 3 Hill, 128; *Bartlett* v. *Wheeler*, 44 Barb., 162; *Gaylor* v. *Wilder*, 10 How. [U. S.], 477; *Potter* v. *Holland*, 4 Blatch., 206; *Gibson* v. *Cook*, 2 id., 148.) Defendants' promise to pay royalties, being without consideration, cannot be enforced. (*Cross* v. *Huntley*, 13 Wend., 385; *Head* v. *Stevens*, 19 id., 411; *McDougal* v. *Fogg*, 2 Bosw., 387; *Saxton* v. *Dodge*, 57 Barb., 84, 114; *Dickson* v. *Hall*, 14 Pick., 220; *Earl* v. *Page*, 6 N. H., 480; *Davis* v. *Bell*, 8 id., 503; *Dunbar* v. *Marden*, 13 id., 316; *Geiger* v. *Cook*, 3 W. & S., 270; *Durst* v. *Brockway*, 11 Ohio, 471; *Fallis* v. *Griffith*, Wright, 303; *Mulliken* v. *Latchem*, 7 Blackf., 138; *McClure* v. *Jeffrey*, 8 Ind., 82; *Clum* v. *Brewer*, 2 Curtis, 524.)

EARL, J.: It is claimed by the defendants that the contract sued on is void under the statute of frauds, as it was not to be performed within a year and was not in writing. A contract, valid in form, is set out in the complaint, and it does not there appear that it was not in writing. It was not necessary to allege that it was in writing. For the purposes of the complaint that will be presumed. If the contract alleged in the complaint had been denied, or the statute of frauds had been set up as a defence, then it would have been necessary upon the trial to prove that the contract was in writing, if it was one which the statute required to be in writing. (Moak's Van Santford's Pl., 203, and cases cited.) There is no denial of the contract in the answer, and no averment that it was void

because not in writing. The same contract, valid in form, is set up in the answer, and there it is averred that the amount agreed to be paid to the plaintiff by such valid contract was upon the "express condition that the plaintiff should execute and deliver to these defendants an instrument in writing wherein such exclusive right to such invention should be given and granted to these defendants," and that the plaintiff had refused to deliver the instrument in writing. It is not averred that the condition was that the contract was to be reduced to writing, but that a separate instrument, not embracing all the terms of the contract, but granting the exclusive right to use the invention, should be executed and delivered to the defendants. This averment is not inconsistent with the existence of a contract, in writing, embracing all the terms of the contract; and, if merely inconsistent, the contract alleged in the complaint not being denied, it would not answer the purposes of a general or specific denial of the contract alleged. (Code, §§ 149, 168; *Wood* v. *Whiting*, 21 Barb., 190; *West* v. *American Exchange Bk.*, 44 id., 175.) Hence, it may be assumed that the statute of frauds furnishes no defence to the action in its present condition.

It is also claimed, on the part of the defendants, that this contract is required to be in writing by section 11 of the patent law, passed by Congress July 4, 1836. This defence is not set up in the answer, and, for reasons above stated, the contract must be assumed to have been in writing and the law thus complied with.

It must not be inferred, from any thing here said, that we are of opinion that either the statute of frauds or the act of congress required this contract to be in writing. It will be time enough to determine whether they do or not when the questions are properly presented.

It is claimed by the defendants that the agreement is void for want of a consideration, in that the patent was invalid. This defence is very imperfectly set up in the answer, but the pleader evidently intended to set it up, and, therefore, we will assume that it is sufficiently pleaded. It is sufficiently

established by the judgment in the United States Circuit Court, in an action in which these defendants were plaintiffs, and this plaintiff and others defendants. That judgment established the fact that this patent was wholly void, invalid and of no effect, for the reason that Elizabeth Hawks, the patentee, was not the original and first inventor of the improvement patented. That judgment was not set up in the answer, but the invalidity of the patent was alleged, and the judgment was, therefore, properly received in evidence to prove the allegation, assuming that the allegation itself was material. (*Bouchaud* v. *Dias*, 3 Den., 238; *Castle* v. *Noyes*, 14 N. Y., 329; *Rinchey* v. *Stryker*, 28 id., 45.) The judgment in such a case is received in evidence, not as a bar of itself to a recovery, but as proof to establish a material fact in controversy. The invalidity of the patent being thus established, the further material point to be considered is, whether that furnished a defence to this action. I am of opinion that, upon the facts of this case, it did not.

The plaintiff and defendants were tenants in common of the patent, all believing it to be valid. Each had the right to manufacture and to license others to manufacture under it. (*Clum* v. *Brewer*, 2 Curtis, 506.) The defendants desired the exclusive right to use the invention, and hence made this agreement with the plaintiff. Under it, they actually enjoyed the exclusive right which they sought, and the plaintiff gave up all right to manufacture or to license others to manufacture. There was no fraud, and the defendants got all they bargained for. During the time mentioned in the complaint, they enjoyed all they could have had if the patent had been valid. Under such circumstances, there was abundant consideration to uphold the agreement, whether the patent was valid or invalid.

The parties held a patent, which was respected as valid by everybody. They enjoyed a monopoly of the invention. They could manufacture the patented article without competition; and the possession of the patent, apparently valid, enabled them to license others, for a consideration, to use

it. In consideration of defendants' promise, the plaintiff gave up all the advantage he thus had, and the defendants, by virtue of the agreement, enjoyed the exclusive monopoly. Here there was injury to one party, and benefit to the other, either of which is sufficient to furnish a consideration for a promise. (*Miller* v. *Drake*, 1 Cai., 45; *Converse* v. *Kellogg*, 7 Barb., 590; *Freeman* v. *Freeman*, 43 N. Y., 34.) Suppose there had been no patent whatever, and the defendants had promised the plaintiff to pay him fifty cents upon every stove which they manufactured, in consideration that he would not, during a given period, manufacture any? The plaintiff having the right to manufacture, and having abstained from its exercise, would any one question that there would be a sufficient consideration to uphold this promise of the defendants?

There are several English cases holding that the invalidity of the patent is no defence to such an action as this to recover license fees for the term the patent was actually used under the license. (*Taylor* v. *Hare*, 1 N. Rep., 260; *Lawes* v. *Purser*, 88 Eng. C. L. R., 929; *Noton* v. *Brooks*, 7 Hurlst. & N., 499; *Baird* v. *Neilson*, 8 Cl. & Fin., 726; *Crosley* v. *Dixon*, 10 H. Lords Cases, 293; *Chanter* v. *Dewhurst*, 12 M. & W., 823; *Lawes* v. *Purser*, 38 Law & Eq. R., 48; see also Hindmarch on Patents, 245.) To the same effect is *Bartlett* v. *Holbrook* (1 Gray, 114), and also *Marsh* v. *Dodge* (4 Kern., 279). The case of *Saxton* v. *Dodge* (57 Barb., 84) has some features like this case, but many more unlike it. There the licensees of the patent did not get all they bargained for, and they were induced to enter into the contract by fraud.

It is the settled law of this and several other States that the invalidity of the patent is a defence to an action for the purchase-price of the same, on the ground of a failure of the consideration. (*Cross* v. *Huntly*, 13 Wend., 385; *Head* v. *Stevens*, 19 id., 411; *McDougall* v. *Fogg*, 2 Bosw., 387; *Dunbar* v. *Marden*, 13 N. H., 317; *Geiger* v. *Cook*, 3 Watts & Serg., 270; *Darst* v. *Brockway*, 11 Ohio, 471; *McClure* v. *Jeffrey*, 8 Ind., 82; *Mullikin* v. *Latchem*, 7 Blackf., 136.);

It is therefore argued on behalf of the defendants that such an agreement as this, for the exclusive use of a void patent, which is a less interest than an assignment of the entire patent, is without consideration. This conclusion is not altogether legitimate. Where one bargains for a patent right he expects a monopoly, and something which he can use, sell and deal in during the entire term of the patent, to the exclusion of every one else. He bargains for something which he does not get, and cannot enjoy, if the patent is invalid. He gets nothing, the vendee parts with nothing, and there is an entire failure of consideration. But where one has a void patent which he can use, and give others the right to use, and thus has an advantage which is valuable to him, and another bargains for that advantage which he surrenders and the other enjoys, the latter, during the time he is permitted to use the patent unmolested, gets just what he bargained for, and cannot complain. When a case shall be presented where, in good faith, a void patent has been sold, and the vendee has enjoyed the monopoly for the whole term of the patent, without molestation or liability to account to any one claiming a superior right, it will be proper to consider whether, upon principle, there has been a failure of consideration, and whether such a case should be controlled by the authorities above cited. There is no doubt as to what would be decided by the English courts in such a case. (*Hall* v. *Conder*, 89 Eng. C. L. R., 22.) In this case the defendants had enjoyed the monopoly which they bargained for, without liability to account to any one except the plaintiff. They are not liable to account to the owners of the Lordfellow patent for the term prior to its issue. (*Gayler* v. *Wilder*, 10 How. [U. S.], 477.)

The plaintiff's claim was therefore undefended, and the court erred in ordering judgment for defendants upon their counter-claim. It is true that the counter-claim was not sufficiently denied by the reply, and judgment might have been ordered for the plaintiff for the balance of his claim, after deducting the amount of the counter-claim; but a new trial should be granted, and it is hoped that the very

imperfect pleadings will be so reformed before another trial as to present truly the precise issues which the parties desire to try.

Judgment should be reversed and new trial granted, costs to abide event.

All concur. FOLGER, J., absent.

Judgment reversed.