Bockes, J.
This is an appeal by the defendant from a judgment directed by a referee. The action was on a contract for executing, filling and grading Partition street in the defendant’s village. The plaintiff was, by the referee awarded judgment for $4,428.96, with interest from November 1, 1873, deducting a payment of $1,000 made on the contract, in all $6,500 92, and costs of suit.
It appears that the original plaintiffs who were co-partners in business under the firm name of G. L. Wiltsie & Co., performed the work and labor stipulated for in the contract made between them and the defendant; and it is not disputed that they have not been paid therefor, excepting the sum of $1,000 in April, 1875, audited and ordered to be paid them by the defendant.
The defense urged against the recovery is that the plaintiff failed to prove the contract counted on in the complaint, and there averred to have been made and entered into between the firm of G. L. Wiltsie & Co., and the defendant; that is, failed to prove that such contract was valid and binding on the defendant. This objection must be held to be unavailing, inasmuch as the contract counted on in the complaint is not denied in the defendant’s answer, hence must be deemed admitted on the pleadings and the admission must also be deemed to be an admission that the contract was one binding on the parties to it. Marston v. Swett, 66 N. Y., 206; Schreyer v. The Mayor, 39 N. Y. Super. Ct. R., 1. In the former case it was said in substance, and effect, in the opinion, that if the contract alleged in a complaint be denied or its invalidity set up as a defense in the answer, then it becomes necessary on the trial to establish it as a valid contract; but not so in case there is no denial of the contract in the answer, and no averment of its invalidity. The second case cited is to the same effect. It is there laid down that an admission as here, precludes the defendant from insisting, in the absence of a formal plea to that effect, that the contract as made is an illegal one.
It only remained for the plaintiff to prove performance of the work contracted to be done under the agreement and the amount of it in value, estimated according to its terms, to entitle him to a recovery. This evidence was supplied and no question is raised on this appeal as to the disposition of the case by the referee in this regard.
An objection is now urged against the allowance of interest by the referee; but there is no exception in the case, or suggestions to the referee in that respect, under which that question can be here considered. McMahon v. The N. Y. and E. R. R. Co., 20 N. Y., 470.
Judgment affirmed, with costs.
Learned, P. J., and Landon, J., concur.