ELIZABETH A. L. HYATT, Respondent, *v.* THE DALE FILE MANUFACTURING COMPANY (Limited), Appellant.

*Court of Appeals, June 7, 1887.*

1. *Patents. Consideration.*—A party manufacturing under a license cannot escape the payment of royalties by alleging the invalidity of the patent, so long as it has not been legally annulled.

2. *Same.*—The withdrawal of a notice of forfeiture of the agreement between the parties, under a clause therein at the request and upon the promise of the licensee to pay the royalties due, is a good and sufficient consideration for the licensee's promise, and such as will enable the patentee to maintain an action therefor.

Appeal from a judgment of the general term of the court of common pleas of New York city, affirming a judgment of the general term of the city court of New York city affirming a judgment in favor of plaintiff.

*Edward D. McCarthy*, for the company, appellant.

*George W. Van Slyck*, for Hyatt, respondent.

PECKHAM, J.—We think this case is controlled by that of Marston *v.* Swett, reported upon two appeals to this court. See 66 N. Y. 206, and 82 N. R. 526. The general and material features of the two cases are similar. In both there was an agreement on the part of the plaintiff to refrain from manufacturing, in consideration, among other things, of the promise of defendant to pay the royalties. While continuing the manufacture under the license, the defend-

ant ought not to escape liability to pay the royalties. The defendant's counsel, it is true, seeks to distinguish this case from Marston *v.* Swett (*supra*), because, as he says, since the re-issue of the patent in 1881, which he insists was wholly void, the defendant has had no protection from the manufacture by others, for the reason that by the surrender of the patent of 1878, and the re-issue of 1881, there was no valid patent in existence, and the consideration for the promise to pay royalties had therefore wholly failed. There was consideration enough for the promise to pay such royalties, in that the plaintiff bound herself not to manufacture, and because the defendant could not be called to account as an alleged infringer while manufacturing under the license.

If it were a question of the validity of the re-issue of 1881, and a decision of that question were necessary to the dicision of this case, the defendant is of course correct in his claim that a state court has no jurisdiction to determine such an issue ; but within the decision of the Marston case, no such question arises. The defendant has protection enough to base its promise to pay royalties upon, as long as it so conducts itself towards plaintiff as to prevent her from treating it as an infringer. In other words, so long as the defendant continues to manufacture under its license (the patent not having been legally annulled) and thus elects to treat the agreement as in existence, it prevents the plaintiff from treating defendant in any other light than that of a licensee. If defendant desired to repudiate any obligation under this agreement, it should have given notice to plaintiff that it refused to no longer recognize its binding force, and that it would thereafter manufacture under a claim of right founded upon the alleged invalidity of the patent. Otherwise the defendant, in claiming to manufacture under the license, and in refusing to pay the royalties thereunder, would, if successful, prevent the plaintiff from recovering anything from it. She could not treat the de-

fendant as an infringer because it was manufacturing under a license from her, and she could not collect the royalties under the license (although herself refraining from manufacturing, as she had agreed), because the defendant would allege the invalidity of the patent, although continuing to manufacture under cover of a license from its owner. Such doctrine cannot stand a moment. Of course, as it is said in the Marston case, from the time that the patent is annulled by proper legal proceedings, no royalties could be collected, even though no notice of a repudiation of the agreement had been thereafter served.

There is another ground upon which it seems to me this judgment might well rest. Under the clause in the agreement between the parties, which provided for a forfeiture of all rights thereunder, if one party should willfully violate one of its provisions, the plaintiff gave notice of such forfeiture to defendant, based upon its refusal to pay the royalties which it had acknowledged to be due for the quarter ending October 31, 1881 (the very quarter in question here), an account of which it had rendered under the oath of its secretary as provided for in such agreement. Subsequent to the service of such notice the plaintiff withdrew the same at the request of defendant, and upon its promise to pay these very royalties which it had already acknowledged to be due. A failure to carry out such promise gives, as it seems to me, a good cause of action.

The defendant says there was no consideration for such a promise, because there was no patent upon which to ground a license, and the defendant therefore had no license and no protection. But the plaintiff, of course, contended that the re-issued patent was valid, and, at the request of defendant, the plaintiff withdrew her notice of forfeiture of the license, and thus reinstated the defendant in its possession, and freed it from the liability to be proceeded against as an infringer, and put to expense and inconvenience in the defense of such a litigation. This was saved at the

request of defendant, and upon its special promise to pay the royalties. Plainly, here was a good and sufficient consideration for defendant's promise.

The judgment should be affirmed, with costs.

All concur.