Parker, J.
The validity of the patent was not questioned by the answer or upon the trial, and the counsel for the defendant in his argument before this court asserted that the defendant admits the validity of the patent, but denies using the invention.
The plaintiff then had a valid patent which he had a right to use personally, or to sell to others the right to use it. The defendants large manufactures of mowing and reaping machines, sought to secure the exclusive right of using it upon its machines for the purpose, among other things, of advertising, as it subsequently did, as one of the advantages of its machines over others that “patent spring oilers are applied to all bearings.”
Whatever then may have been the prior state of the art upon the subject of patent spring oilers, according to the rule laid down by the court of appeals in Marston v. Swett (66 N. Y., 206, and 82 id., 526), the plaintiff had something to sell. The defendant desired to buy, and they made an agreement in and by which the referee finds that it was agreed on the part of the plaintiff, that the defendant should have the exclusive right of using the plaintiff’s oiler on mowing and reaping machines, and the right, but not exclusive, to use it on other machines, and upon the part of the defendant, it was agreed that it would use said oiler upon its mowing and reaping machines, and would pay plaintiff therefor the reasonable value for such use.
A careful examination of the evidence leads me to the conclusion that the referee was fully justified in finding the agreement to have been as above set forth. It is not claimed that the plaintiff in any respect violated his part of the agreement, and plaintiff testifies that because of the agreement with defendant, he refrained from selling the right to use the oiler to other parties. The plaintiff in consideration of the promises, gave up all advantage he had obtained, and the defendant by virtue of the agreement, enjoyed the exclusive monopoly. Here there was injury to one party and benefit to the other, either of which is sufficient to furnish a consideration for a promise. Marston v. Swett, 66 N. Y., 206-212.
Now the agreement on the part of the defendant was that in consideration of the right to the exclusive use he would use it upon all mowing and reaping machines, and *320 would pay plaintiff a reasonable value for such use. By the terms of the agreement, therefore, it was not incumbent upon the plaintiff to show that the defendant did actually use it upon such machines. It was sufficient for him to show the number manufactured during the existence of the agreement. Neither can the defendant evade liability by proving that it did not use it, because his agreement was in effect that he would pay a reasonable value for its use upon all mowing and reaping machines manufactured, and it cannot now be permitted to escape payment as provided by the agreement by proof that without the knowledge of the plaintiff it omitted to place the attachment upon machines manufactured by it.
Proof of its failure to make use of the right of exclusive user, which, by virtue of the agreement, it actually enjoyed, constitutes no defense to the vendor’s right to demand the compensation which defendant in effect stipulated should be the reasonable value of the patent for one machine multiplied by the number manufactured during the pendency of the agreement.
The views thus expressed render it unnecessary to consider the question discussed by the referee, whether or not the defendant did use plaintiff’s device upon its machines.
The only remaining question is, what was the reasonable value for' the use of the invention upon such machines % The referee has found it to be five cents per machine. The reasons for his finding are set forth at length in his opinion and justifies his conclusion.
The judgment must be affirmed, with costs.
Lardón, Oh. J.,-and Fish, J., concur.