## KOENIG v. MORRIS.

(District Court, E. D. New York. June 19, 1917.)

PATENTS &wkey;316—SUIT FOR INFRINGEMENT—JURISDICTION TO GRANT DIFFERENT RELIEF.

Where it has been determined that a suit for infringement will not lie because of defendant's ownership of an interest in the patent, the jurisdiction of the court under the patent statute is exhausted, and unless some other ground of jurisdiction exists, such as diversity of citizenship, it cannot retain the suit to grant relief by way of accounting.

In Equity. Suit by William J. Koenig against Israel Morris, doing business as the Dandy Novelty Company. Dismissed for want of jurisdiction.

Isaac B. Owens, of New York City, for plaintiff.
George W. McKenzie, of Brooklyn, N. Y., for defendant.

CHATFIELD, District Judge. This action was tried in equity for infringement of patent and for an accounting. It appeared that the defendant had obtained from an original purchaser a one-fourth interest in the patent rights of the plaintiff and had also succeeded to a one-fourth interest in a partnership which for a term of years was formed between the patentee and the original purchaser to put the device upon the market. It appears from the record that since that time the plaintiff had been manufacturing the article in question without accounting to the defendant, and that the defendant had been manufacturing the article without accounting to the plaintiff. This situation has resulted from ordinary differences between the plaintiff and defendant in their firm relations. The defendant sought to dismiss the action upon the ground that infringement of the patent could not be charged against one who held by assignment a share in the patent rights, without reference to the amount or interest in the patent which he might hold. Drake v. Hall, 220 Fed. 905, 136 C. C. A. 471; Central Brass & Stamping Co. v. Stuber, 220 Fed. 909, 136 C. C. A. 475; Blackledge v. Weir & Craig Mfg. Co., 108 Fed. 71, 47 C. C. A. 212; Lalance & Grosjean Mfg. Co. v. National Enameling & Stamping Co. (C. C.) 108 Fed. 77.

The plaintiff sought to add to the charge of infringement of patent, and as a reply to the defense just mentioned, an allegation that he had been defrauded in the original assignment of an interest in the patent, and that he could therefore disavow that assignment and charge the defendant as an infringer, who had no rights to the patent itself. The situation was so apparent, and the parties seemed to be so plainly pursuing their different ways with belief in their own good faith, that the court, with the consent of both parties, substantially allowed an amendment of the pleadings during the trial and pending the decision of the case. The action was thus modified upon the finding by the court that the plaintiff had, in such a way as to be bound, assigned a one-fourth interest in the patent. The action was changed into one for an accounting and the defendant was directed to pay to the plaintiff

three-fourths of his net profits, after deducting a suitable amount for his own services. Kinsman v. Parkhurst, 59 U. S. 289, 15 L. Ed. 385; Marston v. Swett, 66 N. Y. 206, 23 Am. Rep. 43. The defendant then changed attorneys, and application was made to reopen the action so as to allow the defendant to claim a one-fourth interest in the net profits of the plaintiff, over and above the cost of production, with reasonable compensation to the plaintiff for his services.

The parties thereupon agreed, in hearings before the court, to work out some basis for a computation of what would be equivalent to a royalty or to agree upon some method by which the placing of the device upon the market could be treated as the efforts of one concern. The formation of a corporation, which should make use of the abilities of both the plaintiff and the defendant, and which should divide the net profits on the basis of three-fourths and one-fourth, was suggested, while in another form the defendant agreed to give up any right to the patent and to manufacture, under royalty, if the plaintiff would not enter into business rivalry in the same territory. The parties have not succeeded in any agreement upon the course to be pursued. The matter has now been submitted upon the defendant's objection that no accounting can be compelled, so long as the finding that he is a one-fourth owner in the patent shall stand.

It is evident that the period of partnership for which the parties originally agreed has long since expired. No partnership as such is shown by mere assignment of patent. Drake v. Hall, supra. No damages for unlawful use of the patent right can be granted in the action. Mathers v. Green, 1 Law Reports, Chancery Appls. (29 and 30 Vict.) 29. It would be a strange illustration of the futility of a resort to a court of equity and a striking example of an invasion of rights where no remedy, even in equity, could exist, if a party by purchase of a share in the net proceeds of a patent, could thereby enter into competition successfully with the original patentee and force him out of the market by monopolizing the patent in the territory where both parties were operating. The broad authority given to a court of equity to do substantial right would imply that a court should not allow itself to be made helpless by the interposition of a technical defense, which would avail only to the particular cause of action for damages by reason of infringement of the patent, which cause of action is ordinarily brought into equity through the asking for an injunction. In the present action, the action is brought into equity through an application for an accounting, based upon a charge of fraud and of a continuation of partnership rights, where no extension of the partnership has in terms been entered into. But, when it has been found that no right of action for infringement of patent will lie, the jurisdiction of a court of the United States has been exhausted unless some other ground, such as diversity of citizenship, gives the court jurisdiction over the subject-matter of the action. In the cases cited above, where any relief in the way of an accounting was granted, the court was not ousted of jurisdiction, when it held that a suit for infringement was not possible. In the present case there has been no final decree. The matter is still in the court, and it is the court's duty, when its juris-

diction is exhausted, and when it has no power to litigate any further issues, to dismiss the action, although the parties have not raised the question of jurisdiction. Consent will not confer jurisdiction over parties to hear an issue which is not within the jurisdiction of the court to hear and determine, as soon as it has been held that no basis of valid jurisdiction exists.

The present action cannot be heard as an action for infringement. The court, therefore, has nothing which it can hear, and the action must be dismissed, as both parties are shown by the record to be citizens of the state of New York, and no basis for the exercise of jurisdiction over them or their differences as to their contractual relations can be found.