JAMES A. SAXTON and JOHN DeWOLT *vs.* JOHN A. DODGE and others.

THE SAME *vs.* THE SAME.

Where several payees of a promissory note unite in indorsing the same to one of their number and another person, the indorsees stand in the same situation, precisely, in respect to the defense of a want of consideration, that a payee does where the note is indorsed to him alone, by the other payees.

And as, in the latter case, the note is open to the defense of a want of consideration without alleging notice of such want to him, so another person by becoming a holder jointly with the payee, or one of the payees, subjects himself to the same defense.

It will not do to allow a payee to get rid of a defense by transferring a share in his obligation to another. *Per* JOHNSON, J.

By taking an interest or share only in the note he must be held to take subject to any defense which may lawfully be interposed against his co-indorsee.

---

Saxton *v.* Dodge.

---

APPEAL by the defendants from an order made at a special term directing judgment for the plaintiffs, respectively, upon demurrers to the answers of the defendants. The facts are fully stated in the next preceding case.

*Geo. Rathbun,* for the appellants.

*Pomeroy & Tracy,* for the respondents.

. *By the Court,* JOHNSON, J. These actions are both brought upon promissory notes given by the defendants, and made payable to the order of "Ball, Raff & Saxton," for the same consideration as the notes in the case of Saxton against the same defendants, submitted with these cases.(a) The pleadings are the same, substantially, in the three cases. The only difference is that in these two cases the plaintiff DeWolt is the joint indorsee and holder and owner with Saxton, of the several notes in question. They hold as the indorsees of the joint payees, one of whom is Saxton himself. Without reiterating what is said in the opinion in the other case, my conclusion is that the plaintiffs in these actions stand in the same situation, precisely, in respect to the defense set up in the second answer, that Saxton does in the other action in which he is sole plaintiff. Before the transfer Saxton was one-third owner jointly with the other payees. By the transfer he becomes one-half owner jointly with DeWolt. So far as he is concerned, it is held in the other case that these notes are open to the defense set up in the second answers, in his hands, without alleging notice to him of the want of consideration. And it seems to me very clear that the plaintiff DeWolt, by becoming a holder jointly with the payee, or one of the payees, subjects himself to the same defense. It will not do to allow a payee to get rid of a defense by transferring a share in his obligation to another. By

(a) Ante, p. 84.

taking an interest or share only in the notes, he must be held to take subject to any defense which may lawfully be interposed against his co-indorsee. The decision should therefore be the same as in the other case.

Order reversed, and demurrer to second answer over-ruled.

[MONROE GENERAL TERM, March 7, 1870.  *E. D. Smith, Johnson* and *Dwight,* Justices.]