By the Court.—Curtis, Ch. J.
Although it is held that the invalidity of a patent is a good defense to an action brought for the purchase-price of the same, on the ground of a failure of consideration, yet it is also held, that such invalidity is no defense to an action to recover license fees for the term the patent was actually used under the license (Marston v. Sweet, 66 N. Y. 212; Bartlett v. Holbrook, 1 Gray, 114; Noton v. Brooks, 7 Hurlst. & N. 497; Chanter v. Dewhurst, 12 Meeson & W. 823; Lawes v. Purser, 38 Law & Eq. 48).
*14 It is unjust that a licensee should profit by the use of a right under a license, which he concedes ip his agreement to be valid, and covenants to defend, and then set up that the patent is void, in order to evade the payment of his license dues. It is his duty to offer to surrender the license, if he proposes to question the validity of the patent, and not seek to occupy a position where the patentee can neither sue him as an infringer, since he holds a license, or collect his dues without establishing the validity of his patent, the concession of which was perhaps one of the motives for granting the license.
There is no just reason why the same principle should not apply to registered trademarks. The United States statutes make provision for the transfers of the use of trademarks, and their passage by assignment is recognized by the courts (§ 2,947, U. S. Stat. at L. ; Filkins v. Blackman, 11 Blatchf. 440). The intention to adopt and use a trademark for exclusive use in the United States, entitles such trademark to registration and protection, the same as though it had been already in exclusive use (§ 4,937, U. S. Stat. at L.).
The defendant also urged at the argument that so far as relates to the invalidity or non-existence of the right conveyed by an assumed grant or license constituting a defense to an acKon brought to recover royalties reserved, or for the breach of any other covenants by the licensee or grantee, the agreement in suit does not differ from a license or conveyance under a patent-right.
Though the defendant, as licensee, is not in a position, while he holds the license and uses the trademark, to maintain the defense that the trademark is invalid, and that his agreement consequently was without consideration, yet if he was induced to enter into the contract by fraud, he has a right to interpose that as a *15 defense (Saxton v. Dodge, 57 Barb. 116 ; Marston v. Sweet, 66 N. Y. 212).
By closely examining the various allegations in the answer, there may be gathered statements, substantially, that as an inducement to the defendant to enter into the contract, the plaintiff represented to him that he was the first to adopt and use the trademark, and was solely and exclusively entitled to such use, whereas in fact it had been used previous to plaintiff’s adoption of it, by Ward Brothers, and ever since, of which use the plaintiff had knowledge or information at the time of executing the agreement, and that the plaintiff did not have such sole and exclusive use of the trademark, and that the defendant executed the agreement relying upon such statements.
The question arises, whether this states sufficient facts to constitute the defense of fra Ad. It will be observed that three things are omitted in the answer that are. commonly regarded as essential elements of fraud. It does not allege that the plaintiff made the representations with intent to deceive, or that the defendant was deceived by them, or that the defendant entered into the agreement believing them to be true.
It is argued, on the part of the defendant, that where the action is not brought to recover damages for fraud, and the fraud is merely alleged to avoid a contract by way of defense, it is unnecessary to allege fraudulent intent. There is no principle that creates any distinction where a party pleads that he has been defrauded, whether he pleads it as a plaintiff or a defendant. He is bound to so aver it, that his opponent shall have notice of it and an opportunity to meet it. It is not to be fished out from vague and partial allegations and obscure inferences. This principle should be maintained, when fraud is pleaded, as necessary for the public protection (Addington v. Allen, 11 Wend. 374; Leffler v. Field, 52 N. Y. 621; Ross v. Titterton, 6 *16 Hun, 280; Marsh v. Falker, 40 N. Y. 565; Hubbel v. Meigs, 50 N. Y. 489).
The answer of the defendant, in consequence of these omissions to state facts that are held essential to constitute the defense of fraud, is defective, and for the reasons stated cannot be sustained.
The judgment appealed from should be reversed with costs, and the plaintiff have judgment on the demurrer with costs, with leave to the defendant to amend the answer on payment of such costs, and of the costs of reversal.
Sanford, J., concurred.