MARY J. SMITH, Respondent, *against* THE STANDARD LAUNDRY MACHINERY COMPANY, Appellant.

(Decided June 5th, 1882.)

In an action against a licensee under a patent for royalties accruing, under the license, upon the manufacture and sale of the patented machines, allegations in the answer, by way of counter-claim, that by reason of false and fraudulent representations and the use of tricks and devices by plaintiff, and the manufacture of machines in violation of the agree-

ment, defendant suffered loss and damage, not stating what were the representations or the tricks and devices, and not showing what provisions of the agreement are alleged to have been violated, do not require any reply by plaintiff.

Invalidity of plaintiff's patent is not a defense to such an action.

Upon a reference in such an action to take an account of the machines manufactured and sold by defendant during a certain period, if defendant refuses to produce his books of account showing his sales of such machines during that period, although required by subpœna and by direction of the referee, it may properly be presumed that the number is as great as the number previously accounted for by defendant during a corresponding period.

APPEAL from a judgment of this court entered upon the report of a referee.

The facts are stated in the opinion.

*Stephen M. Ostrander* and *Justus Palmer*, for appellant.

*Henry G. Atwater*, for respondent.

CHALES P. DALY, Chief Justice.—There was nothing in the alleged counter-claim for the plaintiff to reply to. The counter-claim was for $50,000 loss and damages sustained by the defendants by reason of false and fraudulent representations made to them by the plaintiff or her agent, concerning the validity of the patents and their exceeding value, and representations concerning the machines, &c., and the tricks and devices resorted to by the plaintiff to secure the sale, and the manufacture of machines in violation of the agreement. But what the false and fraudulent representations were is not stated, nor what the representations were that were made concerning the machines, or what the tricks and devices were that were resorted to by the plaintiff, or what provision in the agreement was violated by the manufacture of machines by the plaintiff, there being no covenant in the agreement that the plaintiff would not manufacture machines, but only an agreement that the defendants were to have an exclusive license, alone and single, to manufacture, &c., and that the plaintiff would

make no other license to other person or persons; the only issue, in fact, raised by the answer being whether or not the defendant had refused to make any returns and pay the royalty on the machines manufactured by them during the period for which the plaintiff sought to recover; and this the plaintiff established satisfactorily in the affirmative.

In answer to the evidence offered by the defendant, to show that the inventions were of no value, the inventions having, before they were patented, been known in this and other countries, the plaintiff established that her patented invention was different, and was allowed in the patent office after comparison with machines patented elsewhere; but even if it had been otherwise, the invalidity of the patent would be no defense to an action for the royalties accruing upon the manufacture and sale of machines under the license (*Marston* v. *Sweet*, 66 N. Y., 212, and cases there cited).

After the order for the accounting was made the referee appointed under it directed the counsel for the defendant to produce all its books and papers relating to the accounting; to which demand the counsel answered that he knew of no books—had never seen any—was advised that there were no books within the jurisdiction of the court; that he was merely the counsel in the case and not the attorney of record; and a *subpœna duces tecum* was served upon the secretary of the company requiring him to produce all books of accounts of the defendant, and all documents and papers showing any and all sales of articles made and sold by them, embodying the patented improvements; upon which subpœna the secretary appeared and said he had not the documents called for in his possession; that he had seen some of them, but to the best of his knowledge the books of accounts had been removed to Boston—he did not know to whom nor by whose order; that they were the ordinary books of accounts of the defendant's business.

The point is made that the subpœna was not served within the time required by the Code for such a subpœna. No such objection was taken either by the secretary or by the

Sullivan v. Farley.

defendants. If it had been, another subpœna could have been issued, and the referee could have adjourned the further hearing to a day when the secretary could under such subpœna have produced the books, &c.; in addition to which the counsel was directed by the referee to produce the account of sales made, which under the circumstances was equivalent to the drawing up and service upon the attorney or counsel of an order. That they were not produced was because they had been removed to Boston, whether intentionally for the purpose of withholding them or otherwise. As the defendants did not produce their books of account to show what sales had been made, the referee was justified in adopting the means which he did to ascertain the quantity of machines manufactured and sold during the period to be accounted for (*Armony* v. *Delarnie*, 1 Smith's Leading Cases, 636; *Walmsley* v. *Walmsley*, 3 Jones & Latouche, 556; *Gray* v. *Haig*, 20 Beavan 226; *Dean* v. *Thwaite*, 21 Beavan 624; *Copeland* v. *Crane*, 9 Pick. 73.)

The judgment should be affirmed.

VAN BRUNT and BEACH JJ., concurred.

Judgment affirmed.