LEVI P. WESTERVELT, Respondent, *against* THE FULLER MANUFACTURING COMPANY, Appellant.

(Decided December 7th, 1885).

By a written agreement reciting that plaintiff was the inventor of certain improvements, he agreed to sign all papers necessary to secure a patent for the invention, to request the issue of letters patent therefor to defen-

Westervelt v. Fuller Manuf. Co.

dant, and to do all that would be necessary to vest the title to the invention in defendant; in consideration of which defendant agreed to pay him a specified sum. No patent was ever obtained for the invention, and it appeared that none ever could be obtained, an earlier patent therefor having been issued to another person. *Held*, that there was a total failure of consideration of the contract, which would defeat a recovery of the sum agreed to be paid.

APPEAL from a judgment of the District Court in the City of New York for the Sixth Judicial District.

The facts are stated in the opinion.

*E. P. Wilder*, for appellant.

*Dillaway, Davenport & Leeds*, for respondent.

LARREMORE, J.—This action was brought by the plaintiff to recover upon an alleged contract to pay him one hundred dollars for all his right and interest in a certain invention, he to sign all papers necessary to secure the patent.

The agreement commenced with the following recital: Whereas I am the inventor of " certain improvements in monkey wrenches." Five dollars were paid on the execution of the contract, by which it was stipulated that the further sum of ninety-five dollars should be paid thereafter. The plaintiff further agreed to sign all papers necessary to secure a patent for the invention, and to request and authorize the Commissioner of Patents to issue such letters patent unto the defendant, and to do all else that would be necessary to vest the title in said invention in the defendant.

No patent was ever obtained for the invention ; and, as appears from the evidence, none could be obtained, for the reason that an earlier patent for the same invention had been issued to another party.

If a patent had been issued upon the plaintiff's alleged invention, and the defendant had acted upon it, he would not have been allowed to question its legality, under the rulings in *Smith* v. *Standard Laundry Mach. Co.* (11 Daly

156); *Hyatt* v. *Ingalls* (49 N. Y. Super. Ct. 375); *Union Manuf. Co. of Norwalk* v. *Lounsbury* (41 N. Y. 363).

It is apparent from the testimony in this case that the patentability of the invention was the consideration of the agreement referred to, and such patent not having been issued, there was a total failure of the consideration of the contract, which the plaintiff has never fully performed. For this reason, I think the judgment appealed from should be affirmed.

Having reached this conclusion, it is unnecessary to consider the other points raised in the case.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment affirmed, with costs.